JOHN C. HAYS, PLAINTIFF IN ERROR, *v.* THE PACIFIC MAIL STEAM-SHIP COMPANY.

The acts of congress require that every vessel shall be registered by the collector of the district in which is the port nearest to the place where her owner or owners reside. The name of this port must be painted on her stern, in large letters; and every bill of sale of her must be recorded in the office where she is registered.

Where a company, incorporated by New York, (all the stockholders being residents of that State,) owned vessels which were employed in the transportation of passengers, &c., between New York and San Francisco, in California, and between San Francisco and different ports in the territory of Oregon; all of which vessels were ocean steam-ships, and duly registered in New York; that they remained in California no longer than was necessary to land their passengers and freight, and prepare for the next voyage; these vessels are not liable to assessment and taxation under the laws of California and authorities of San Francisco.

They were there but temporarily engaged in lawful trade and commerce, with their *situs* at the home port, where the vessels belonged, and where the owners were liable to be taxed for the capital invested, and where the taxes had been paid.

THIS case was brought up, by writ of error, from the district

court of the United States for the northern district of California.

The case is stated in the opinion of the court.

It was argued by *Mr. Brent* and *Mr. May,* for the plaintiff in error, and by *Mr. Davidge* and *Mr. Vinton,* for the defendants.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the district court for the northern district of California.

The suit was brought in the district court, by the company, to recover back a sum of money which they were compelled to pay to the defendant, as taxes assessed in the State of California, upon twelve steam-ships belonging to them, which were temporarily within the jurisdiction of the State.

The complaint sets forth, that the plaintiffs are an incorporated company by the laws of New York; that all the stockholders are residents and citizens of that State; that the principal office for transacting the business of the company is located in the city of New York, but, for the better transaction of their business, they have agencies in the city of Panama, New Grenada, and in the city of San Francisco, California; that they have, also, a naval dock and ship-yard at the port of Benicia, of that State, for furnishing and repairing their steamers; that, on the arrival at the port of San Francisco, they remain no longer than is necessary to land their passengers, mails, and freight, usually done in a day; they then proceed to Benicia, and remain for repairs and refitting until the commencement of the next voyage, usually some ten or twelve days; that the business in which they are engaged is in the transportation of passengers, merchandise, treasure, and the United States mails, between the city of New York and the city of San Francisco, by way of Panama, and between San Francisco and different ports in the Territory of Oregon; that the company are sole owners of the several vessels, and no portion of the interest is owned by citizens of the State of California; that the vessels are all ocean steam-ships, employed exclusively in navigating the waters of the ocean; that all of them are duly registered at the custom-house in New York, where the owners reside; that taxes have been assessed upon all the capital of the plaintiffs represented by the steamers in the State of New York, under the laws of that State, ever since they have been employed in the navigation, down to the present time; that the said steam-ships have been assessed in the State of California and county of San Francisco, for the year beginning 1st July, 1851, and ending 30th June, 1852, claiming the

assessment as annually due, under an act of the legislature of the State; that the taxes assessed amount to $11,962.50, and were paid under protest, after one of the vessels was advertised for sale by the defendant, in order to prevent a sale of it.

To this complaint the defendant demurred, and the court below gave judgment for the plaintiffs.

By the 3d section of the act of congress of 31st December, 1792, it is provided that every ship or vessel, except as thereafter provided, shall be registered by the collector of the district, in which shall be comprehended the port to which the ship or vessel shall belong at the time of her registry, and which port shall be deemed to be that at or nearest to which the owner, if there be but one, or, if more than one, nearest to the place where the husband, or acting and managing owner usually resides; and the name of the ship, and of the port to which she shall so belong, shall be painted on her stern, on a black ground, in white letters of not less than three inches in length; and if any ship or vessel of the United States shall be found without having her name, and the name of the port to which she belongs, painted in the manner mentioned, the owner or owners shall forfeit fifty dollars.

And by the act of 29th July, 1850, (9 Stats. at Large, 440,) it is provided that no bill of sale, mortgage, or conveyance of any vessel shall be valid against any person other than the grantor, &c., and persons having actual notice, unless such bill of sale, mortgage, or conveyance be recorded in the office of the collector of the customs where such vessel is registered or enrolled.

These provisions, and others that might be referred to, very clearly indicate that the domicile of a vessel that requires to be registered, if we may so speak, or home port, is the port at which she is registered; and which must be the nearest to the place where the owner or owners reside. In this case, therefore, the home port of the vessels of the plaintiffs was the port of New York, where they were duly registered, and where all the individual owners are resident, and where is also the principal place of business of the company; and where, it is admitted, the capital invested is subject to State, county, and other local taxes.

These ships are engaged in the transportation of passengers, merchandise, &c., between the city of New York and San Francisco, by the way of Panama, and between San Francisco and different ports in the territory of Oregon. They are thus engaged in the business and commerce of the country, upon the highway of nations, touching at such ports and places as these great interests demand, and which hold out to the owners suf-

ficient inducements by the profits realized or expected to be realized. And so far as respects the ports and harbors within the United States, they are entered and cargoes discharged or laden on board, independently of any control over them, except as it respects such municipal and sanitary regulations of the local authorities as are not inconsistent with the constitution and laws of the general government, to which belongs the regulation of commerce with foreign nations and between the States.

Now, it is quite apparent that if the State of California possessed the authority to impose the tax in question, any other State in the Union, into the ports of which the vessels entered in the prosecution of their trade and business, might also impose a like tax. It may be that the course of trade or other circumstances might not occasion as great a delay in other ports on the Pacific as at the port of San Francisco. But this is a matter accidental, depending upon the amount of business to be transacted at the particular port, the nature of it, necessary repairs, &c., which in no respect can affect the question as to the *situs* of the property, in view of the right of taxation by the State.

Besides, whether the vessel, leaving her home port for trade and commerce, visits, in the course of her voyage or business, several ports, or confines her operations in the carrying trade to one, are questions that will depend upon the profitable returns of the business, and will furnish no more evidence that she has become a part of the personal property within the State, and liable to taxation at one port than at the others. She is within the jurisdiction of all or any one of them temporarily, and for a purpose wholly excluding the idea of permanently abiding in the State, or changing her home port. Our merchant vessels are not unfrequently absent for years, in the foreign carrying trade, seeking cargo, carrying and unlading it from port to port, during all the time absent; but they neither lose their national character nor their home port, as inscribed upon their stern.

The distinction between a vessel in her home port and when lying at a foreign one, or in the port of another State, is familiar in the admiralty law, and she is subjected, in many cases, to the application of a different set of principles. 7 Pet. 324; 4 Wheat. 438.

We are satisfied that the State of California had no jurisdiction over these vessels for the purpose of taxation; they were not, properly, abiding within its limits, so as to become incorporated with the other personal property of the State; they were there but temporarily, engaged in lawful trade and com-

merce, with their *situs* at the home port, where the vessels belonged, and where the owners were liable to be taxed for the capital invested, and where the taxes had been paid.

An objection is taken to the recovery against the collector, on the ground, mainly, that the assessment under the law of California, by the assessors, was a judicial act, and that the party should have pursued his remedy to set it aside according to the provisions of that law.

We do not think so. The assessment was not a judicial, but a ministerial act, and as the assessors exceeded their powers in making it, the officer is not protected.

The payment of the tax was not voluntary, but compulsory, to prevent the sale of one of the ships.

Our conclusion is, that the judgment of the court below is right, and should be affirmed.

Mr. Justice DANIEL dissented, and Mr. Justice CAMPBELL concurred in the judgment of the court, upon the ground stated in his opinion.

Mr. Justice DANIEL.

I dissent from the decision of the court in this case, it being my opinion that neither the circuit court nor this court could take jurisdiction over the parties to this suit; and that, therefore, this cause should be remanded to the district court, with directions to dismiss it for want of jurisdiction.

Mr. Justice CAMPBELL.

I concur in the judgment. But I concur only in consequence of the facts stated in the declaration, and which are admitted by the demurrer. The material fact is, that the vessels were *in transitu*, having no *situs* in California, nor permanent connections with its internal commerce.

### Order.

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of California, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said district court in this cause be and the same is hereby affirmed, with costs, and interest until paid, at the same rate per annum that similar judgments bear in the courts of the State of California.