THE STATE, DETMOLD AND COX, PROSECUTORS, v. ENGLE, RECEIVER, &c.

A company owning coal lands in Pennsylvania sent coal, mined on their lands, by railroad to Elizabethport, in this state, where it was deposited on the wharf for separation and assortment, for the purpose of being shipped in vessels to purchasers in New York and New England. *Held*—

1. That the commission agents of the company, who resided in this state, whose duties were to obtain orders for coal from purchasers in other states, and to superintend its shipment on board vessels at Elizabethport, had no such property in or possession or control of the coal as to be taxable for it under the seventh section of the act of 1866. *Nix. Dig.* 952, § 89.

2. That the property of citizens of another state, sent across this state to markets in other states, and delayed within this state merely for separation and assortment for shipment, has no *situs* within this state for the purpose of taxation.

On *certiorari*, to remove assessment of taxes made against the prosecutors for the year 1870.

Argued November Term, 1870, before DEPUE and VAN SYCKEL, Justices, by

*D. A. Hayes*, for plaintiffs.

*Joseph Alward*, for defendant.

DEPUE, J.   The property for which the assessment was made was a lot of coal lying on a pier at Elizabethport.

The coal was the property of an association of individuals transacting business under the name of the German Pennsylvania Coal Company, and was mined on their lands in Pennsylvania, and sent by the cars of the Central Railroad Company to Elizabethport, to be thence shipped by water to other markets for the purpose of sale.

The course of business of the company is to send their coal, as mined, across the state to Elizabethport, a terminus

of the Central Railroad on tide water, where it is deposited and separated according to its different sizes, and when a cargo of one size is obtained, it is shipped to points in New England or up the Hudson river, as soon as a vessel can be chartered to carry it. None of the company's coal is sold for consumption at Elizabethport.

The lot of coal for which this tax was assessed against the prosecutors was such as, at the time of the assessment, was lying on the wharf awaiting shipment.

The prosecutors were not members of the coal company. They are the commission agents of the owners, to obtain orders for coal, and superintend its shipment to purchasers on board vessels at Elizabethport. The orders from purchasers were generally obtained before the coal left the mines, and the sales were for delivery on board vessels at Elizabethport.

The right to tax the prosecutors for this property was sought to be maintained under the seventh section of the tax law of 1864, which makes persons liable to taxation, taxable in the township or ward in which they reside, for all personal estate in their possession or under their control, as trustees, guardians, executors, or administrators. *Nix. Dig.* 952, § 89. The property taxed in this case was not in the possession of the prosecutors, or under their control as guardians, executors, or administrators.

They had no property in the coal, general or special, or power to sell it. Their duties were simply to obtain and transmit orders to their principals, and superintend its receipt and re-shipment when delivered. The possession, as well as the property, was in their principals.

Furthermore, the property taxed was not in this state under such circumstances as to be liable to taxation here.

The power of the state to tax the subjects of commerce, where their transit for the purposes of commerce has ceased, and they have become incorporated and mixed up with the mass of property in the community, is well settled. But that a tax on property belonging to a citizen of another

state, in its transit to market in other states, which is delayed within this state, not for the purpose of sale, but merely·for separation and assortment for the convenience of shipment to its destination, is a tax on commerce among the states, is too plain to require argument. It is not the mode in which the tax is imposed, nor the person against whom it is assessed, that determines whether the taxation is within the power of the state. The situation of the property, and the effect of the imposition on the price of the articles as between the owner and the purchaser—citizens of other states—are the circumstances upon which the question must be decided. *Brown* v. *Maryland,* 12 *Wheat.* 419 ; *The Erie Railway Co.* v. *The State,* 2 *Vroom* 531 ; *The People* v. *Maring,* 3 *Keyes* 374.

If a tax may be laid on the quantity lying on the wharf when the assessment is made, why not tax every ton that is sent across the state throughout the year? If it may be laid on any property that is within the state at the time the assessment is usually made, it may be laid on all property that is brought within the state at all times of the year. A change in the tax law, as to the mode and time of assessment, is all that would be necessary to accomplish that purpose.

An ocean steamer, owned and registered in New York, regularly plying between Panama and ports in Oregon, which remained in San Francisco no longer than was necessary to land and receive passengers and cargo, and in Benicia only for repairs and supplies, was held by the Supreme Court of the United States not to be subject to taxation in California. *Hays* v. *The Pacific Mail Steamship Co.,* 17 *How.* 597.

The same principle applies to goods in the course of transit. Delay within the state, which is no longer than is necessary for the convenience of trans-shipment for its transportation to its destination, will not make it property within the state for the purposes of taxation.

Property in transit through the state, or which has been sent within the state simply for the purpose of sale, is not to

be considered as having a *situs* within such state for purposes of taxation. *The People, ex rel. Hoyt,* v. *The Commissioner of Taxes,* 23 *N. Y.* 224; *The People, ex rel. The Parker Mills,* v. *The Commissioner of Taxes of the City of New York,* *Ib.* 242.

Assessment set aside.

VAN SYCKEL, Justice, concurred.

CITED *in State* v. *Carrigan,* 10 *Vr.* 37.