PEOPLE *ex rel.* PACIFIC MAIL STEAMSHIP CO. v. COMMISSIONERS
OF TAXES OF NEW YORK.[*]

*Taxation of corporate property — Assessment.*

The property of a corporation resident in this State need not be physically
within the State to be taxable; it is enough that its legal situs and owner-
ship are here. Under Laws of 1857, ch. 456, the actual capital of a resident
corporation is taxable, although a portion of it may be invested in property
temporarily situated outside of the State.

WRIT OF CERTIORARI. The writ was issued to bring before the
court the proceedings of the tax commissioners of New York city
and county, assessing the property of the relators, the Pacific Mail
Steamship Company, a resident corporation. It appeared that the
company owned a number of steamers, registered some at New
York and some at San Francisco. The commissioners determined
that vessels registered at New York were to be deemed within the
State for the purposes of taxation. The opinion states the remain-
ing facts.

*Coles Morris* and *Michael Cordozo*, for relators.

*James C. Carter*, for respondents.

DAVIS, P. J. We think the proceedings of the commissioners
should be affirmed, for the following reasons:

First. The relators are a corporation created by the laws of this
State, and have their principal place of business in the city of New
York. As a corporation their residence is in New York. The
ships included in the present assessment are registered in the port
of New York, under and pursuant to the United States Registry
Act, and the city of New York is, therefore, their home port. They
have, and can have, no other, and are not taxable elsewhere. Their
*situs* is at the home port for all purposes of taxation. In the case
of *Morgan* v. *Parham*, 16 Wall. 471, the Supreme Court of the
United States have very emphatically settled these questions, and
reaffirmed the case of *Hays* v. *The Pacific Mail Steamship Com-
pany*, 17 How. 596, under which the relators escaped taxation on
these or similar vessels in California.

* See same case, 1 N. Y. Sup. 611.

But it is insisted that under our statute the property of the relators, to be taxable, must be physically *within* the territory of the State, and therefore it is not enough that its legal *situs* and ownership are here. We think this position not sound for several reasons. Of course, ships at sea are not in a strict sense within the territory of the State in which they have their home port, but in legal contemplation they are themselves part of the territory (so to speak) of the country of which their owners are citizens or subjects, and they retain all the rights that flow from that fact while engaged in commerce between foreign ports for an undefined period, without any interval of return to the home port. But it is not, perhaps, upon this ground that they are deemed within this State when owned by citizens of the State, for the purposes of taxation. It is rather because of the peculiar character of the property, which, though it be used abroad in the business of the owner, does not blend with the business and commerce of any foreign State or territory. The business of the relators' ships in the Pacific is all the while a part of the business carried on in New York under the charter of the company, whence the general management and direction emanate, and to which point returns of all results are made. The ownership and the nature of the business control to establish the home port, where the corporation resides, as the *situs* of the ships themselves, and in legal contemplation we think the vessels used in the business, which have their home port, under the law, at New York, are within the jurisdiction and territory of the State, within the meaning of the general statute declaring what property is taxable.

But for the decision of the court when this case was before under consideration, we should deem this an immaterial question. See 1 N. Y. Sup. 611.

The relators, under the statute of 1857, chap. 456, are taxable only upon their "capital stock," which is to be assessed at its actual value, with certain exceptions specially named or referred to in the act. The subject of taxation under this act is the capital stock of the company, and that is, at all times, within the State, although, for the purpose of conducting the business of the company, a portion of its capital may be invested in ships whose commerce is carried on in remote parts of the world. The question to which the commissioners were to look, under the law, was not the *locus* or *situs* of items of property owned by the corporation,

but of the company itself, and of its capital stock, and they were in New York, both in law and in fact. It would require a special exemption by statute to authorize the commissioners, in determining the actual value of the capital stock of the company, to strike out the value of property, used in the general business of the company, and contributory to the actual value of the capital stock, because its use was outside of the State, and the articles of property were, therefore, not territorially within the State. We think nothing of that kind was in contemplation under the act of 1857, which intended to create a special system of taxation applicable to corporations, and, *sub modo,* to modify all previous general laws; but this is not, perhaps, an open question.

In respect to the money invested in building the ships in Delaware, nothing was shown, before the determination, to require them to treat the ships in process of building as the property of the company. Before the motion for rehearing, the commissioners had made and filed with the comptroller their certificate. The application for rehearing came too late; but if it did not, the refusal to rehear is not a subject of review on this application. The proceedings should be affirmed.

DANIELS and WESTBROOK, JJ., concurred.

*Proceedings affirmed.*