63   485
d148  86

[In Bank — June 9, 1883.]

## THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT, *v.* SOPHIA G. TALBOT, EXRX., ETC. ET AL., RESPONDENTS.

VESSELS — TAXATION. — A vessel registered out of the State, and never here except transiently in the course of her voyages for the purpose of receiving and discharging cargo, is not subject to assessment for taxes within the State. In such a case it makes no difference that the vessel is owned in part by residents of the State.

ASSESSMENT — NOT A JUDICIAL ACT. — The assessor does not act judicially in making an assessment for taxes.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of MR. JUSTICE SHARPSTEIN.

*John P. Bell,* and *Louis Sharp,* for Appellant.

The acts of the assessor in making an assessment are judicial. (Cooley on Taxation, 288, 550–552; Burroughs on Taxation, §§ 202, 238, 242.)

Vessels are assessable and taxable where owned, and not where registered. The *situs* or home port for the purpose of taxation is where the vessel is owned. (U. S. Rev. Stats. § 4141; *Jennings v. Griffith,* Ryan & M. 42; *Thomas v. The Steamboat Kosciusko,* 11 N. Y. Leg. Obs. 44; Abbott on Shipping, 39–115; 3 Kent's Com. 144; *Hill v. Golden Gate,* Newb.

Adm. 308; *St. Louis* v. *Ferry Co.* 11 Wall. 423; *In re Mary Bell*, 1 Sawy. 135; *The Albany*, 4 Dill. 439; *The Plymouth Rock*, 13 Blatchf. 505.)

*McAllister & Bergin*, for Respondent.

Property transiently in the State is not subject to State taxation. (*Mayor* v. *Baldwin*, 57 Ala. 69; *People*, v. *Niles*, 35 Cal. 287; *City of Oakland* v. *Whipple*, 39 Cal. 115; *Hays* v. *P. M. S. S. Co.* 17 How. 596; *St. Louis* v. *Ferry Co.* 11 Wall. 423; *People* v. *Home Ins. Co.* 29 Cal. 542.)

The home port of vessels determines the locality of their taxation, and the court found that the vessel never was in California, save transiently. (*Hays* v. *P. M. S. S. Co.* 17 How. 596; *People* v. *Com. of Taxes*, 58 N. Y. 246; Burroughs on Taxation, § 46.)

In answer to appellant's point that the acts of the assessor in making the assessment are judicial and his decision final unless reviewed in the manner provided by statute, respondent's counsel cited *Middleton* v. *Low*, 30 Cal. 607; *Low* v. *Austin*, 13 Wall. 34; *P. M. S. S. Co.* v. *Bd. of Sup.* 50 Cal. 282.

SHARPSTEIN, J. — This action was brought to recover taxes assessed and levied upon the *Bark Buena Vista* for the fiscal year 1875–76.

The findings are in substance: 1. That at the time of said levy and assessment, and for a long time prior thereto, said vessel was registered at Port Townsend in Washington Territory, where the ship's husband resided, and that said vessel has been taxed in said Territory during all the times mentioned in the complaint herein. 2. That said vessel sailed out of said Port Townsend to various ports and countries in the regular course of commerce, transporting lumber and other freight, and was in the State of California only transiently in the course of its voyages, and only remained therein long enough to take in and discharge cargo, and was never permanently or at all in said State otherwise than as above stated.

It further appears by stipulation of counsel of the respective parties that said vessel was owned in the proportions of nine tenths by Pope & Talbot, who resided in San Francisco,

and one tenth by one Walker, a resident of Washington Territory, who as the managing owner registered said vessel at said Port Townsend. It was admitted at the trial that said vessel had never been registered at San Francisco. Upon these facts the question whether said vessel was assessable at San Francisco for city and county and State taxes, must be determined.

According to the Code, vessels which are by law required to be registered must be assessed only in the county or city and county where registered. (Pol. Code, § 3644.) And vessels registered " out of and plying in whole or in part in the waters of this State, the owners of which reside in this State, must be assessed in this State." (Pol. Code, § 3645.)

There are two conditions which must exist concurrently before a vessel registered out of this State is required by said Code to be assessed in this State: (1) she must ply in whole or in part in the waters of this State; (2) her owners must reside in this State. "Plying," when used in the connection that it is here, is a nautical phrase, which is defined by Webster as follows: "To make regular trips; as a vessel plies between the two places." It might well be urged that a vessel making *regular* trips between any port in California and some port outside of California, was "plying *in part* in the waters of this State." But can that be properly said of a vessel which sails out of a port outside of this State " to various ports and countries in the regular course of commerce, transporting lumber and other freight," and touching at the port of San Francisco transiently in the course of her voyages, and " only long enough to take in and discharge cargo?"

"Plying" implies regularity, and is not the term used to express the character of the irregular and transient visitations of a ship to a port in the course of her voyage to various ports. In that case a vessel is said to *touch* at each of the ports which she visits. A vessel *plies* between two places— she may *touch* at many. But even if " plying in whole or in part in the waters of this State," a vessel registered out of it is not, by the Code, required to be assessed and taxed in it, unless her owners reside here. Two of her owners do. Another, the managing owner, or the ship's husband, resides in Washington Territory, within the district in which the custom house at which she is registered

is situated, and in which she is taxed and her taxes paid by her owners. A *part* of her owners, not *all* of them, reside here. To say that her owners reside here is no more correct than it would be to say that her owner resides in Washington Territory. She is partly owned here, and partly there; and the law does not in terms authorize the assessment here of a vessel registered and *partly* owned elsewhere.

There is no provision for the assessment of the interest owned here. Nothing less than the entire vessel is assessable, if she be assessable at all. And the assessor seems to have taken this view of it, for he assessed the vessel and. not any interest in it less than the whole.

The Code does not in terms as we construe it require that a vessel, registered and owned as this one is found to be, and touching at a port in this State for the purpose of taking in and discharging cargo only, shall be assessed in this State.

And it only remains to be determined whether the Constitution of the State requires that said vessel should be assessed in this State. The constitutional requirement is that " all property in the State, not exempt under the laws of the United States, shall be taxed in proportion to its value." As is well understood, this does not mean that all property which may chance to be temporarily in the State, must be taxed. It means "in the State" in the sense of having its *situs* here. There is at all times "property *in this State*" of great value which is being transported through it, from one foreign state to another, which no one would claim could be taxed here. Nor will it be claimed that vessels wholly owned and registered elsewhere, and merely touching at a port in this State for the sole purpose of taking in and discharging cargo, could be taxed here.

In *Hays* v. *The P. M. S. S. Co.* 17 How. 596, the ships which it was attempted to assess in this State, were engaged in the business of transporting passengers between New York and San Francisco and each of said ships frequently remained in this State ten or twelve days continuously. The court said : " We are satisfied that the State of California had no jurisdiction over these vessels for the purpose of taxation ; they were not properly abiding within its limits, so as to become incorporated with the other personal property of the State; they were but temporarily,

engaged in lawful trade and commerce, with their *situs* at the home port, where the vessels belonged, and where the owners were liable to be taxed for the capital invested, and where the taxes had been paid."

In that case the owners all resided in New York, where the ships were registered. But that is an immaterial circumstance, because the right to assess and tax property in this State does not depend on the residence of the owner. It depends wholly upon the *situs* of the property. And property which has its *situs* outside of the jurisdiction of this State cannot be assessed and taxed here, although the owner may reside here.

In this case, as was said by Mr. Justice Campbell in his concurring opinion in *Hays* v. *P. M. S. S. Co. supra*, "The material fact is that the vessel was *in transitu*, having no *situs* in California, nor permanent connection with its internal commerce."

It has too often been held that the acts of an assessor in making an assessment are not judicial, to require any consideration of that point at this time.

Judgment and order affirmed.

McKINSTRY, J.. concurred.

ROSS, J. — I concur for the reasons first and last stated in the opinion of MR. JUSTICE SHARPSTEIN.

MYRICK, McKEE, and THORNTON, JJ. — We concur in the judgment. The vessel was not plying in whole or in part in the waters of this State. If the vessel had been so plying doubtless the interest of Pope & Talbot therein could have .been assessed; but the facts as agreed upon do not place the vessel or the interest of Pope & Talbot within section 3645, Political Code.

Rehearing denied.