## JAMES ROBERTS v. TOWNSHIP OF CHARLEVOIX.

*Taxing power—Vessel, when taxable in Michigan.*

A vessel, enrolled and licensed or registered under the United States navigation laws, and owned by a non-resident of Michigan, does not become subject to the taxing power of this State by engaging in business therein.

Error to Charlevoix. (Ramsdell, J.) Submitted on briefs February 10, 1886. Decided February 17, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Cruickshank & Grier*, for appellant.

*Fred. W. Mayne*, for defendant.

CAMPBELL, C. J. Plaintiff sued to recover back the taxes, which he paid under protest, which were levied on his tug, enrolled and licensed under the acts of Congress, and used at the time in the navigable waters of this State. The facts found by the court below show that plaintiff is not, and was not, a resident of Michigan, but of Dakota, and that he paid taxes there on this same property.

The decisions of the United States supreme court have uniformly held that a vessel enrolled and licensed or registered under the United States navigation laws does not, by engaging in business within a state, become subject to its taxing power, if the owner is a non-resident: *Hays v. Steam-*

*ship Co.*, 17 How. 596 ; *St. Louis v. Ferry Co.*, 11 Wall. 423 ; *Morgan v. Parham*, 16 Wall. 471.

This doctrine having been settled by the court of last resort, there would be no propriety in discussing it. This case comes directly within the decisions, and the tax was void.

Plaintiff is entitled to judgment for $33.89.

The judgment below must be reversed, with costs of all the courts, and judgment rendered here accordingly.

The other Justices concurred.