## THOMAS L. MARTIN v. COUNTY OF BURLEIGH, etc.

(165 N. W. 520.)

**Assessment of property — city assessor — city board of equalization — schedules — changing of — reassessment by board — no notice given — assessment void.**

1. Where a city assessor assessed certain property under its proper designation in the assessment schedule, and the city board of equalization, at a regular

---

NOTE.—The general rule that the situs for taxation of a vessel engaged in foreign or interstate commerce and merely touching at local ports, regularly or otherwise, as an incident of such commerce, is at the home port of the vessel, or at the domicil of the owner, and the exception to that rule in case a vessel is so used within a particular state as to impress her with a local character, are both well sustained

meeting, canceled the assessment, entered the amount thereof in a column designated "all other property," then reassessed the property originally assessed at a certain valuation, but gave no notice of the increase in the assessment, resulting from the addition of two items, it is *held* that the failure to give notice required by §§ 1217 and 2187, N. D. Rev. Codes, 1899, is fatal to the legality of the assessment placed under the item "all other property."

**Personal property taxes — collection of — officers — neglect of duty — for period of years — legality of assessment — no presumption in favor of — beyond that shown by face of records.**

2. Where the officers charged with the duty of collecting personal taxes neglected to take legal steps to collect the same for a period of years, though there was real property within the jurisdiction which might have been subjected thereto; and where a part of the assessment records are lost,—no presumption favorable to the legality of the proceedings can be indulged beyond that warranted by the face of the records.

**Property owner — original notice given to — showing amount of assessment — amount reduced by board — no notice given — owner cannot complain.**

3. Where a property owner had original notice, presumptive or otherwise, that certain property was assessed by the assessor at $2,750, and later received notice from the board of equalization that this item of property was "equalized" at $2,000, he cannot complain of the assessment at the latter valuation.

**Vessel property — situs of — for taxation purposes — owner within taxing jurisdiction — certain district — listed and assessed in — proper assessment district — not determined — owner cannot complain.**

4. Sections 1179, 1183, 1184, and 1189, N. D. Rev. Codes, 1899, construed in conjunction with § 4141, U. S. Rev. Stat. 1878, Comp. Stat. 1916, § 7719, relating to the situs of vessel property for taxation, and *held* that the owner of personal property which is within the taxing jurisdiction of the state cannot complain of its assessment within a certain district, where no steps have been seasonably taken to determine the proper assessment district.

**Interstate navigable stream — vessel plying upon — taxing district — other than where vessel is registered or licensed — may belong to.**

5. Where a vessel plying upon an interstate navigable stream acquires a

---

by authority, as will be seen by the cases cited in notes in 37 L.R.A. 518 and 29 L.R.A.(N.S.) 105, on where ships are taxable.

As to what is home port of vessel for purpose of taxation, see note in 2 L.R.A. (N.S.) 197 and 1196.

On the question of situs of vessel for purpose of taxation, see note in 62 Am. St. Rep. 471.

physical situs within the state, such property may, under § 179 of the Constitution, and §§ 1183 and 1184, N. D. Rev. Codes, 1899, "belong," for taxation purposes in a district other than that in which the same may be enrolled, registered, or licensed.

**Interstate commerce vessel used in navigable stream — actual situs in state — subject to taxation within state — domicil of owner — regardless of.**

6. Where a vessel used in interstate commerce upon a navigable stream has acquired an actual physical situs within the state, it is subject to taxation within the state as a part of the mass of property within the jurisdiction of the state, regardless of the domicil of the owner.

Opinion filed November 16, 1917.

Appeal from the District Court of Burleigh County, *W. L. Nuessle,* Judge.

Reversed.

*Benton Baker,* for appellant.

The situs of personal property for taxation purposes is determinable the first day of April,—not prior or subsequent thereto. Gaar, S. & Co. v. Sorum, 11 N. D. 164, 90 N. W. 799.

The expression in the statute, "all other property," merely means all other personal property not falling within the itemized lists or classes named for taxation purposes. Rev. Codes 1899, § 1191.

It is a well-recognized principle of equity jurisdiction that a court of equity will exercise jurisdiction to prevent the casting of a cloud upon the title to real estate at the instance of the owner of the legal title, when a proper showing is made. This principle extends to and embraces the case of the lien upon real estate for taxes ripening into a cloud upon title; and where the tax is invalid for illegality in its determination and levy, a court of equity will annul the lien and enjoin the assertion of rights under it. Frost v. Flick, 1 Dak. 132, 46 N. W. 508; Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191; Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Northern P. R. Co. v. Barnes, 2 N. D. 310, 51 N. W. 386; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919.

The rights of the taxing authorities are prescribed by the Constitution and statutes, and are conditional upon substantial compliance therewith. Reading v. Krause, 167 Pa. 23, 31 Atl. 366; Kupfer v. McConville, 35 N. D. 622, 161 N. W. 283; Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Swenson v. Greenland, 4 N. D. 532, 62 N. W. 603; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; People v. Pearis, 37 Cal. 259; L'Engle v. Florida C. & W. R. Co. 21 Fla. 353; Jackson v. Smith, 153 App. Div. 724, 138 N. Y. Supp. 654; 37 Cyc. 1139; 27 Am. & Eng. Enc. Law, 2d ed. 736, Taxation.

A subsequent purchaser of property may contest the validity of a tax. Vesta Mills v. Charleston, 60 S. C. 1, 38 S. E. 226; 2 Cooley, Taxn. 3d ed. 1428; Eaton v. Bennett, 10 N. D. 349, 87 N. W. 188.

In assessment of property for taxation purposes, the action of the local board of equalization of a city, over the property within its jurisdiction, is final. First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836; Minot v. Amundson, 22 N. D. 236, 133 N. W. 551; Rev. Codes 1905, § 1553; Comp. Laws 1913, § 2165.

"Where a tax purchaser is not in possession, the legislature cannot impose upon the owner the duty to bring suit to quiet title against such tax title. Martin v. White, 53 Or. 319, 100 Pac. 290.

There must be the statutory notice given, and an opportunity for a hearing, as a condition precedent to charging him with a tax. Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Carney v. People, 210 Ill. 439, 71 N. E. 365; People v. International Salt Co. 233 Ill. 223, 84 N. E. 278; State Bank v. Seward County, 95 Neb. 665, 146 N. W. 1046; Bode v. New England Invest. Co. 1 N. D. 121, 45 N. W. 197; Hagar v. Reclamation Dist. 111 U. S. 701, 28 L. ed. 569, 4 Sup. Ct. Rep. 663; Davidson v. New Orleans, 96 U. S. 97, 24 L. ed. 616; Griswold College v. Davenport, 65 Iowa, 633, 22 N. W. 904; Kelly v. Pittsburgh, 104 U. S. 78, 26 L. ed. 658; Lent v. Tillson, 72 Cal. 404, 14 Pac. 71; Cincinnati, N. O. & T. P. R. Co. v. Kentucky, 115 U. S. 321, 29 L. ed. 414, 6 Sup. Ct. Rep. 57; State R. Tax Cases, 92 U. S. 575, 23 L. ed. 663; Stuart v. Palmer, 74 N. Y. 192, 30 Am. Rep. 289; Thomas v. Gain, 35 Mich. 164, 24 Am. Rep. 535; San Mateo County v. Southern P. R. Co. 8 Sawy. 238, 13 Fed. 751; Santa Clara County v. Southern P. R. Co. 9 Sawy. 165, 18 Fed. 385;

Davidson v. New Orleans, 96 U. S. 97, 24 L. ed. 616; Mulligan v. Smith, 59 Cal. 206; Kuntz v. Sumption, 117 Ind. 1, 2 L.R.A. 655, 19 N. E. 474; Baltimore & O. & C. R. Co. v. Seneca County, — Ohio —, 1 West. Rep. 94; Boorman v. Santa Barbara, 65 Cal. 313, 4 Pac. 31; Cooley, Taxn. 265, 267; Dundee Mortg. Trust Invest. Co. v. Parrish, 11 Sawy. 92, 24 Fed. 197; Butler v. Saginaw County, 26 Mich. 22; Hutson v. Woodbridge Protection Dist. 79 Cal. 90, 16 Pac. 549, 21 Pac. 435.

The law, in prescribing the time when complaints before the taxing officers may be heard, gives all the notice required; and the proceedings by which the valuation is determined, though it may be followed, if the tax be not paid, by a sale of the delinquents' property, is due process of law. Santa Clara County v. Southern P. R. Co. 9 Sawy. 165, 18 Fed. 409; Scott v. Toledo, 1 L.R.A. 688, 36 Fed. 385; McMillen v. Anderson, 95 U. S. 37, 24 L. ed. 335.

The residence of a corporation is that place where its principal place of business is as provided in its charter. It matters not where the residence of its stockholders may be; it cannot have any other residence than that fixed and given under its charter. Middletown Ferry Co. v. Middletown, 40 Conn. 65; Wheeling, P. & C. Transp. Co. v. Wheeling, 99 U. S. 273, 25 L. ed. 412; Com. v. Southern P. Co. 134 Ky. 417, 120 S. W. 311, 20 Ann. Cas. 965, 222 U. S. 63, 56 L. ed. 96, 32 Sup. Ct. Rep. 13; Ayer & L. Tie Co. v. Keown, 122 Ky. 580, 93 S. W. 588; Boston Invest. Co. v. Boston, 158 Mass. 461, 33 N. E. 580.

The situs of a vessel for the purpose of taxation is the domicil of the owner, though the vessel in fact has never been there, or cannot go there. Hays v. Pacific Mail S. S. Co. 17 How. 596, 15 L. ed. 254; Morgan v. Parham, 16 Wall. 471, 21 L. ed. 303; People v. Niles, 35 Cal. 282; State, New York & E. R. Co., Prosecutor, v. Haight, 30 N. J. L. 428; People ex rel. Pacific Mail S. S. Co. v. Tax & A. Comrs. 58 N. Y. 242; Southern P. Co. v. Com. 222 U. S. 63, 56 L. ed. 96, 32 Sup. Ct. Rep. 13; Old Dominion S. S. Co. v. Virginia, 198 U. S. 299, 49 L. ed. 1059, 25 Sup. Ct. Rep. 686, 3 Ann. Cas. 1100; North American Dredging Co. v. Taylor, 56 Wash. 565, 29 L.R.A.(N.S.) 105, 106 Pac. 162.

*F. E. McCurdy, William Langer,* Attorney General, *D. V. Brennan* and *H. A. Bronson,* Assistant Attorneys General, and *H. F. O'Hare,* City Attorney, Bismarck, for respondent.

The plaintiff does not ask to have the assessment for taxes set aside, but merely seeks relief from the collection of the resultant taxes. Injunctional relief will not be given for such purpose. Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454; Comp. Laws 1913, §§ 2232, 2233; First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836.

The situs of a vessel plying navigable streams in this state, for taxation purposes, is at the home port of the vessel, where such vessel is so used within the state as to impress her with local character. North American Dredging Co. v. Taylor, 56 Wash. 565, 106 Pac. 162, 29 L.R.A.(N.S.) 105, note; Olson v. San Francisco, 148 Cal. 80, 2 L.R.A. (N.S.) 197, 113 Am. St. Rep. 191, 82 Pac. 850, 7 Ann. Cas. 443, 2 L.R.A.(N.S.) 1196, Appx.

BIRDZELL, J. This is an appeal from a judgment of the district court of Burleigh county, vacating an injunctional order previously issued in an action restraining the sale of certain real estate owned by the plaintiff to satisfy the lien of personal property taxes assessed against a former owner of the realty, namely, the Benton Transportation Company, in the year 1903. Also dismissing the action and granting to the defendants their costs and disbursements. The facts are as follows: The Benton Transportation Company, an Iowa corporation, was for a period of years, until the expiration of its charter in April, 1905, engaged in the business of owning and operating boats and barges on the Missouri river and its tributaries. The company was licensed to do business in the state of North Dakota from 1889 to 1905, maintaining an office in the city of Bismarck, the county seat of Burleigh county. The company owned a number of boats and barges, which were registered and licensed in accordance with the laws of the United States, which boats were used in the carrying of interstate as well as intrastate commerce. During the years the company did business in the state of North Dakota, personal taxes were levied and paid for various years excepting, however, the years 1892, 1893 when no assessments were made, and 1903. The assessment upon which the tax in question was

levied was made in the year 1903. The assessments, exclusive of the 1903 assessment, range from $500 in 1889 to $3,300 in 1899. For each of the years, 1899, 1900, 1901, and 1902 the assessment was $2,750. For the year 1903 the purported assessment was $4,750. The circumstances under which it was made will later be referred to. The company also owned certain real estate, among which were lots 1, 2, 3, 4, and 5 and the west half of the northeast quarter and the northeast quarter of the southeast quarter of section 19, township 138, range 80, in Burleigh county. This real estate was owned by the company in 1903, when the personal property tax in question was assessed and levied, but was later, on December 2, 1915, transferred, under the authority of a resolution passed prior to the termination of the corporate charter, to Thomas L. Martin, the plaintiff and appellant in this action. The defendant Flaherty, acting under the authority of § 2189, Comp. Laws 1913, as amended by chapter 256, Session Laws of 1915, as county auditor, caused the personal tax of the Benton Transportation Company to be entered on the tax list against the foregoing real estate, and proceeded to advertise the same for sale. This action was for the purpose of restraining the sale and for the annulment of the taxes, in so far as the same might constitute a lien upon the real estate owned by the plaintiff. An injunctional order restraining the sale was issued, and a trial was had upon the merits, resulting in a judgment of dismissal. The crucial facts are those concerning the assessment of the personal property of the Benton Transportation Company for the year 1903. Thirteen years elapsed between the making of the assessment and the trial of this action, and it appears that some of the original assessment records cannot be obtained. It is stipulated, however, "that on June 26, 1903, the mayor and city council of the city of Bismarck, acting as a board of equalization, canceled an assessment of two thousand seven hundred and fifty ($2,750) dollars for 'steamboats, etc.,' of the Benton Transportation Company, assessed 'all other property' of the value of two thousand seven hundred and fifty ($2,750) dollars against said company, and reassessed 'steamboats, etc.,' as of the value of two thousand ($2,000) dollars against said company," and "that no notice of the action of the board of equalization of the city of Bismarck on June 26, 1903, was given to the Benton Transportation Company,

except that said company received a notice in words and figures as follows:

"Council Chamber, Bismarck, N. D., 6–26–03.

" 'I am directed by the city board of equalization, now in session, to notify you that the board has raised your assessment as noted below:

| Items | As Assessed | As Equalized |
| --- | --- | --- |
| Steamboats, etc. | | $2,000.00 |

" 'The board will be in session at the council chamber 6–26–03 (now in session), at which time you may appear and be heard if not satisfied with the action above noted.' "

The net result of this action was to assess the personal property of the Benton Transportation Company, $4,750, which, in view of the assessments for the previous years, was probably not intended, and it remains to be seen how far this result may be legally substantiated. It does not appear that any steps were taken to collect the taxes upon this assessment from 1903 to 1915; and, in view of the long period of time that has elapsed since the tax was levied and the apparent inactivity of those whose duty it was to collect the taxes, we think no presumption should be indulged favorable to the regularity of the proceedings, beyond what appears upon the face of the record as stipulated. It being stipulated that the city council, acting as a board of equalization, canceled an assessment of $2,750 for steamboats and assessed "all other property" of the company at the valuation of $2,750, its action amounted to a determination that the property other than the steamboat property, and aside from whatever property might be owned by the company which did not fall within some specific designation in the assessment schedule, was of the value of $2,750; for, under § 2188 of the Revised Codes of 1899, it is made the duty of the city board of equalization to "place upon and add to the assessment roll any property, real or personal, subject to taxation, which has been omitted therefrom by the owner or by the assessor, and enter the same at a valuation so

that it will bear an equal and just proportion of taxation." It is thus apparent that the action of the city board of equalization was equivalent to a finding that the company owned $2,750 worth of property other than steamboat property. Section 2187, Revised Codes of 1899, requires "that the valuation of *any personal property* as returned by the assessor shall not be increased more than 25 per cent without first giving the owner or his agent notice of the intention of the board so to increase it." See also § 1217, Revised Codes of 1899. It appears that the action of the city board of equalization relative to the assessment of "all other property" was taken without complying with this requirement; for it is stated in the stipulated facts that the only notice that was given was a notice that the item of "steamboats" was equalized at $2,000. Clearly this notice was not sufficient to apprise the taxpayer that it had been assessed by the board of equalization $2,750 on property classified as "all other property." This mandatory requirement of § 2189 has not been complied with as to the $2,750 item. This item of the personal property assessment for the year in question therefore cannot stand. It is elementary that, where notice of an assessment proceeding is required by statute, the failure to give notice is fatal to the proceeding. McMillen v. Anderson, 95 U. S. 37, 24 L. ed. 335.

By reason of the necessary elimination of the $2,750 item from the assessment, the scope of our inquiry is now limited to the remaining item of the assessment; the $2,000 valuation under the item of "steamboats, etc." It is urged by the appellant that the steamboat property of the Benton Transportation Company was not taxable in the assessment district of the city of Bismarck, and, in support of this contention, he relies upon the facts that the corporation was a foreign corporation, with its main office situated outside the state; that such vessels as were used by the company were registered and licensed at ports distant from the city of Bismarck; and that the vessels themselves were used in conducting the interstate traffic carried on by the company. None of these facts, nor all combined, warrant the legal conclusion contended for. The company kept its principal office within the state at Bismarck, where one of its officers and managing agent resided. The boats plied upon the Missouri river, which touched at the city of Bismarck. The boats upon which the assessment was made, or could be held to apply, were during the year in question outside the state of

North Dakota but little if at all, and they never visited the port of registration. The permanency of their location within the state amply justifies their treatment for tax purposes as a part of the general mass of property within the jurisdiction of the state.

The appellant relies up §§ 1179, 1183, and 1184 of the Revised Codes of 1899 in conjunction with § 4141, U. S. Revised Statutes 1878, Comp. Stat. 1916, § 7719, to disprove the taxing jurisdiction of the city of Bismarck. The latter section merely provides that "every vessel, . . . shall be registered by the collector of the collection district which includes the port to which such vessel shall belong at the time of her registry; which port shall be deemed to be that at or nearest to which the owner, if there be but one, or, if more than one, the husband or acting and managing owner of such vessel, usually resides." Section 1179, N. D. Rev. Codes 1899, defines personal property for taxation purposes, and includes in the definition ". . . all ships, boats, and vessels, either at home or abroad, and all capital invested therein. . . ." Section 1183, N. D. Rev. Codes 1899, provides for the listing of personal property in the county, town, or district where the owner or agent resides "except as otherwise provided;" and the following section (1184, N. D. Rev. Codes 1899) provides that "all persons, companies and corporations in this state owning steamboats, sailing vessels, wharve boats, barges and other water crafts shall be required to list same for assessment and taxation in the county, town or district in which the same may belong, or be enrolled, registered or licensed or kept, not enrolled, registered or licensed." These statutory provisions, as applied to the situation presented on this record, raise a nice question as to the proper place for listing and taxing the property in question. If a controversy should arise as between different taxing districts within the state, each contending for the right to swell its assessment roll by the valuation of such personal property,—one on account of its being the location of the place of business within the state of a foreign corporation, owning vessels situated within the state, and the other on account of the situs of the property within the district—it would be necessary to determine the matter. But inasmuch as § 1189, N. D. Rev. Codes 1899, makes it the duty of the assessor to list and assess all personal property *wherever* and *whenever* found, and further provides that when questions arise as to the proper place for listing they

shall be determined by the county board or by the state auditor, depending upon whether the doubt involves two districts within the county or districts lying within different counties, it was clearly the duty of the assessor to assess boats where he should find them. If, in order to avoid double assessment, it should later become necessary to determine the true situs, the procedure provided by § 1189 would be applicable. In view of this section, it cannot be said that an assessment in the wrong county or district is a void assessment; it is rather a voidable assessment. The defendant having for so long a time refrained from questioning the situs of the vessel property for taxation, that is, as between different districts within the state, should not be held to be precluded, as far as that question is concerned.

As further supporting the views above expressed relating to the situs of the property for purposes of taxation, it might well be remarked that to interpret §§ 1183 and 1184, Rev. Codes 1899, in the manner contended for would give them a meaning that would render them unconstitutional; for § 179 of the Constitution provides that "all property, except as hereinafter in this section provided, shall be assessed in the county, city, township, town, village or district in which it is *situated* in the manner prescribed by law." The excepted class does not embrace steamboats. Under this section of the Constitution, the only permissible meaning of the statutory requirement that vessel property shall be listed for assessment in the district in which the same may *"belong,"* or be enrolled, registered, or licensed, is that such property *belongs,* for tax purposes, where it is situated for a sufficient period of time to warrant its inclusion in the general mass of property within the assessment district. Where there is no such controlling physical situs, of course it may be assessed where enrolled, registered, or licensed.

But it is contended that the vessel property is not assessable within the state. The case of Hays v. Pacific Mail & S. S. Co. 17 How. 596, 15 L. ed. 254, is relied upon as supporting the appellant's proposition; but this case only goes to the extent of holding that where a vessel is only temporarily plying within the jurisdiction of a state and for a purpose wholly excluding the idea of permanently abiding in the state or changing the home port, it is not subject to the jurisdiction of the for tax purposes. The last expression of the Supreme Court of the United States upon this subject is contained in an exhaustive opinion

by Mr. Justice Lurton in the case of Southern P. Co. v. Kentucky, 222 U. S. 63, 56 L. ed. 96, 32 Sup. Ct. Rep. 13. The learned justice discusses the matter as follows (222 U. S. page 73) : "The general rule has long been settled as to vessels plying between the ports of different states [and the language is applicable to all vessels engaged in interstate traffic] . . . that the domicil of the owner is the situs of a vessel for the purpose of taxation, wholly irrespective of the place of enrolment, subject, however, to the exception that, where a vessel engaged in interstate commerce *has acquired an actual situs in a state other than the place of the domicil of the owner, it may there be taxed because within the jurisdiction of the taxing authority.*" In the above case, the Supreme Court of the United States sustained the taxing jurisdiction of the state of Kentucky as to vessels belonging to a domestic corporation, which vessels plied only on the ocean, and could not have even reached the state of Kentucky by water. Jurisdiction for taxing purposes must be dependent either upon a physical location of the property of such a character as to give to it a degree of permanency warranting the same treatment of the property as that accorded to all other property within the state, or it must be justified by the legal domicil of the owner being within the state. Where the latter affords a ground for the exercise of the taxing power, it is upon the theory that the owner, being within the state, must contribute to the tax burden according to his or its ability, which is largely determined by the ownership of the property. That neither the domcil of the owner nor the port of registry can be considered as the sole test in determining the situs of vessel property for taxation, and that such situs may be determined by the physical location of the property, is abundantly supported. by the authorities referred to in the case of Southern P. Co. v. Kentucky, supra. In the case of St. Louis v. Wiggins Ferry Co. 11 Wall. 423, at 430, 20 L. ed. 192, 194, the Supreme Court of the United States said: "In the eye of the law personal property, for most purposes, has no locality. . . . In a qualified sense it accompanies the owner wherever he goes, and he may deal with it and dispose of it according to the law of his domicil. If he die intestate, that law, wheresoever the property may be situate, governs its disposal, and fixes the rights and shares of the several distributees. But this doctrine is not allowed to stand in the way of the taxing power in the locality where the property *has its*

*actual situs,* and the requisite legislative jurisdiction exists. Such property is undoubtedly liable to taxation there in all respects as if the proprietor were a resident of the same locality." We are convinced that the record in this case supports the findings of the trial court, that the vessel property assessed had an actual situs within the state.

For the reasons heretofore assigned, the tax lien upon the property in question must be reduced to correspond proportionately with the reduction in the valuation from $4,750 to $2,000, and this amount must stand as a lien against the property of the plaintiff. By reason of the failure of the officers charged with the assessment and equalization of the taxes to make a proper assessment, no interest or penalty should be included. It is therefore ordered that the judgment of the trial court be reversed and this case remanded for further proceedings in accordance with this opinion.

ROBINSON, J. I concur in result.