AMERICAN GLUE COMPANY *vs.* COMMONWEALTH.

Suffolk.    March 22, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Tax.   Corporation.*

A Massachusetts corporation, having its principal place of business in this Commonwealth, carried on business in Pennsylvania where it was subject to a tax upon its capital stock.  *Held,* that the corporation's franchise was not "property situated in another state and subject to taxation therein," the value of which should be deducted from the value of the capital stock in computing the franchise tax under St. 1903, c. 437, § 72.

The real estate, machinery and merchandise, the value of which under St. 1903, c. 437, § 74, as amended by St. 1904, c. 261, § 1, forms part of the basis for computation of the maximum amount to be levied as a franchise tax on a domestic corporation, includes real estate, machinery and merchandise both within and without this Commonwealth.

PETITION under St. 1903, c. 437, § 84, filed December 17, 1906.

The petitioner, a domestic corporation having its principal place of business in Boston in this Commonwealth and also carrying on business in Pennsylvania, sought to have deducted from the franchise tax imposed upon it on May 1, 1906, by the tax commissioner under St. 1903, c. 437, § 72, an amount alleged by it to have been imposed upon it as a franchise tax by the State of Pennsylvania, contending that it has a franchise in that State which is "property situated in another State" within the terms of the statute; and also contending that, in computing the amount which, under § 74 of that statute as amended by St. 1904, c. 261, § 1, the tax on its corporation franchise should not exceed, the tax commissioner erred in holding that the real estate, machinery and merchandise referred to therein included real estate, machinery and merchandise within and without this Commonwealth, instead of real estate, machinery and merchandise within the Commonwealth only.

The case was heard by *Rugg,* J. upon the petition, answer and a stipulation of the parties, and at the request of the parties he reserved it for the determination of the full court.

It appeared that the following acts were in force in Pennsylvania at the time of the assessment of the tax sought to be abated

by the petitioner, and that the petitioner had paid taxes under both acts in Pennsylvania in 1906.

Act 8 June, 1893, P. L. 353: "Every corporation . . . [like the petitioner] . . . shall be subject to and pay into the treasury of the commonwealth, annually, a tax at the rate of five mills upon each dollar of the actual value of its whole capital stock of all kinds, including common, special and preferred, as ascertained in the manner prescribed in said twentieth section, and it shall be the duty of the treasurer or other officers having charge of any such corporation . . . upon which a tax is imposed by this section to transmit the amount of said tax to the treasury of the commonwealth within thirty days from the date of settlement of the account of the auditor-general and state treasurer."

Act 8 May, 1901, § 1, P. L. 150: "From and after the passage of this act all corporations, limited partnerships or joint stock associations, except foreign insurance companies chartered or conducted by or under the law of any other state or of the United States or of any foreign country, whose principal offices or chief places of business are located within this Commonwealth or which have any part of their capital actually employed wholly within this state, in addition to complying with the law now in force as to such corporations, limited partnerships or joint stock associations, shall pay to the State Treasurer for the use of the Commonwealth a bonus of one-third of one per centum upon the amount of the capital actually employed or to be employed wholly within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed." `

*B. L. M. Tower,* (*S. H. Pillsbury* with him,) for the petitioner.

*D. Malone,* Attorney General, *& F. T. Field,* Assistant Attorney General, for the Commonwealth.

KNOWLTON, C. J.   This is a petition under the St. 1903, c. 437, § 84, for relief from the exaction of a tax on the petitioner, a domestic corporation. The petitioner's first contention is that there should be an additional deduction under § 72 of this statute, on account of the "property situated in another state or country and subject to taxation therein." The value of all tangible property in other States has already been deducted; but the contention is that a part of the value of the corporate franchise is property situated in another State, within the meaning of the

statute.  This contention is not supported by the statute or the decisions.  The corporate franchise, considered separately, is not property subject to taxation in States other than that which granted it.  *Louisville & Jeffersonville Ferry Co.* v. *Kentucky*, 188 U. S. 385.  The value of the property in other States presumably is determined in reference to the use to which it is adapted, and its relations to the business; and it may have a value as a part of a system that it would not have if taken away and disposed of for another purpose.  The deduction of this value, under the statute, is very different from a deduction of the value of the franchise to be a corporation and exercise corporate privileges, which is granted by the State where the corporation is established. This is recognized by the decisions relied on by the petitioner, as well as others.  *Western Union Telegraph Co.* v. *Massachusetts*, 125 U. S. 530.  *Massachusetts* v. *Western Union Telegraph Co.* 141 U. S. 40.  *New York* v. *Roberts*, 171 U. S. 658.  *Delaware, Lackawanna & Western Railroad* v. *Pennsylvania*, 198 U. S. 341.  The question in this part of the case is, What is the true meaning of the statute ?  We think its provisions, considered together, and the policy of the law, so far as it can be ascertained by its language, do not contemplate a deduction on account of the franchise of the corporation as separate property in another State.  There is no doubt of the right of the Legislature to enact a statute of this kind.  *Home Ins. Co.* v. *New York*, 134 U. S. 594.  *Connecticut Ins. Co.* v. *Commonwealth*, 133 Mass. 161.

The other contention of the petitioner is that, under § 74 of the same chapter, the amount twenty per cent in excess of the value, as found by the tax commissioner, of the real estate, machinery and merchandise, and of securities which, if owned by a natural person resident in this Commonwealth would be liable to taxation, diminished by the deductions called for in § 72, on which amount a computation is to be made to determine the maximum tax, includes only the real estate, machinery and merchandise in this Commonwealth, and not all the real estate, machinery and merchandise of the corporation, wherever it is situated.  This contention would require us to read into the section a provision that is not found there.  We see no good reason for changing the statement of the statute.

The subject to which this section relates is quite different from

that covered by § 72.    That section gives a method for determining the amount of taxation upon an equitable basis.    The object of this later section is to limit the taxation, by establishing a maximum which is founded upon the amount of property held by the corporation that would be taxable if held by an individual, apart from the value of its franchise and other assets which are not subject to taxation as property, and to prohibit a charge in excess of twenty per cent above the percentage upon this amount.    In limiting the tax by providing a maximum, the whole of the real estate, machinery and merchandise naturally would be included as the foundation for the computation, instead of that which is found in only one State.

*Petition dismissed.*