SIMPLEX ELECTRIC HEATING COMPANY *vs.* COMMONWEALTH.

Suffolk. March 15, 1917. — May 26, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* Corporation. *Corporation. Words,* "Property," "Situated."

In determining the amount upon which the corporate franchise tax of a domestic business corporation shall be computed, it is proper for the tax commissioner to refuse to deduct from the value of the corporate franchise, as "property situated in another State or country and subject to taxation therein" under the provisions of St. 1909, c. 490, Part III, § 41, as amended by Sts. 1910, c. 270, § 1; 1912, c. 491, § 1; 1914, c. 198, § 6, certain sums of money deposited by the corporation in banks in the State of Illinois, where it maintained a place of business and kept a stock of goods, and accounts receivable, payable to it there, upon all of which the State of Illinois had levied a tax.

It having been agreed by the Commonwealth for the purposes of this case that the bank deposits and accounts receivable were taxable and actually were taxed in the State of Illinois, it *was stated* that the jurisdiction of that State to tax those items was not considered.

PETITION, filed in the Supreme Judicial Court on February 17, 1917, under St. 1909, c. 490, Part III, § 70, for an abatement of a portion of the franchise tax assessed upon the petitioner in 1916.

The answer of the Commonwealth admitted the allegations of fact contained in the petition.

The case was reserved by *Pierce,* J., upon the petition and answer for determination by the full court.

The material portions of St. 1909, c. 490, Part III, § 41, as amended by Sts. c. 1910, c. 270, § 1; 1912, c. 491, § 1; 1914, c. 198, § 6, are as follows:

"SECTION 41. The tax commissioner shall ascertain from the returns or otherwise the true market value of the shares of each corporation subject to the requirements of the preceding section, and shall estimate therefrom the fair cash value of all of said shares constituting its capital stock on the preceding first day of April, which, unless by the charter of a corporation a different method of ascertaining such value is provided, shall, for the purposes of this part, be taken as the true value of its corporate franchise. From such value there shall be deducted: . . .

" Third. In case of a domestic business corporation, the value of the works, structures, real estate, machinery, poles, underground conduits, wires and pipes owned by it within the Commonwealth subject to local taxation, and of securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation; also the value of its property situated in another state or country and subject to taxation therein. There shall not be deducted the value of securities which if owned by a natural person resident in this Commonwealth would be liable to taxation, nor shall there be deducted the value of any shares of stock of the corporation itself owned directly or indirectly by it or for its benefit; and the tax commissioner in determining for the purposes of taxation the value of the corporate franchise of any such corporation shall not take into consideration any debts of such corporation unless the returns required from it contain a statement duly signed and sworn to, setting forth that no part of such debts was incurred for the purpose of reducing the amount of taxes to be paid by it."

*F. T. Field,* (*C. H. Walker* with him,) for the petitioner.

*W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.

*C. H. Tylor, B. Corneau & B. E. Eames,* by leave of court filed a brief on behalf of the Champion Spark Plug Company as *amicus curiae.*

DE COURCY, J. This petition was brought under St. 1909, c. 490, Part III, § 70, for the abatement of a portion of the corporation franchise tax assessed upon the petitioner for 1916.

The Simplex Electric Heating Company is a Massachusetts corporation subject to a tax upon its corporate franchise under the provisions of said statute, Part III, §§ 39–43. On April 1, 1916, it had a place of business in Illinois, where it kept and sold a stock of goods manufactured by it. It also had there on that date certain sums of money deposited in a national bank and in a trust company, subject to check and to withdrawal without notice, and also certain accounts receivable, payable in said State, all of which arose out of the business carried on in Illinois. For the purposes of this case the Attorney General concedes that it is within the power of Illinois to tax these two items and that they actually were taxed in that State as a part of the personal property of the petitioner there taxable.

In determining the amount upon which the corporate franchise tax on a domestic business corporation shall be computed the statute provides that certain deductions shall be made from the value of the corporate franchise as determined by the fair cash value of all its shares of capital stock. St. 1909, c. 490, Part III, § 41, as amended by St. 1910, c. 270, § 1, St. 1912, c. 491, § 1, and St. 1914, c. 198, § 6, and § 43 as amended by St. 1913, c. 453, § 2, and St. 1914, c. 198, § 6. In the case at bar the tax commissioner declined to deduct the value of the bank deposits and accounts receivable above referred to. The sole question presented by this petition is whether these two items are "property situated in another State or country and subject to taxation therein" within the meaning of said § 41, cl. 3. If they are, they should have been deducted in the determination of the petitioner's corporate franchise tax, and the abatement prayed for should be allowed; otherwise, the petition should be dismissed.

The recent case of *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, involved the question whether the value of shares of stock in a foreign corporation which were owned by a domestic business corporation should be deducted in computing the latter's corporate franchise tax. The court discussed the question whether these shares were (1) "securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation" and (2) were "property situated in another state or country and subject to taxation therein." St. 1909, c. 490, Part III, § 41, cl. 3. While the first question was the one chiefly dis-

cussed, and it was decided that such shares of stock would be liable to taxation here "if owned by a natural person resident in this Commonwealth," the second question also was considered, and the court said (page 63): "It follows from what has been said that the shares of stock are not 'property situated in another State and subject to taxation therein.' The context in which these words occur in our tax law and its other general provisions demonstrate that these words refer to the kind of property which, if owned by an individual and situated and taxed in another State, would be exempt from taxation here, such as real estate, and 'merchandise, machinery and animals.' St. 1909, c. 516, § 1. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194. There are substantial, although intangible, elements of property in shares of stock in a corporation which attach to the owner resident in this Commonwealth."

It is strongly urged by the petitioner that, as it was decided that the shares of stock in a foreign corporation owned by the Bellows Falls Power Company were "securities which if owned by a natural person resident in this Commonwealth" would be liable to taxation here, and hence not to be deducted from the value of the corporate franchise, it was unnecessary for the court to go further and decide that those shares were not "property situated in another State or country and subject to taxation therein." But this second point was specifically raised by the petitioner's requests for rulings, it was argued in its brief, was expressly stated at the beginning of the opinion to be one of the two questions before the court, and was necessarily involved in the decision of the case. These shares in the foreign corporation had been actually and legally taxed in Vermont. They had "substantial . . . elements of property." The decision that, although taxable in Vermont they did not come within the clause in question as "property situated in another State," was in effect a ruling that that clause did not embrace all property subject to taxation in another State, and especially that it did not embrace intangible property.

Undoubtedly the word "property" is broad enough to include intangible property. But aside now from the controlling effect of the Bellows Falls Power Company case as authority, the same result would have to be reached in the case at bar. As was pointed

out in the opinion, the context and the other general provisions of the tax statutes strongly indicate that the clause in question refers only to tangible property, taxable in another jurisdiction, and hence exempt from taxation in this Commonwealth. *American Glue Co. v. Commonwealth*, 195 Mass. 528. *Union Refrigerator Transit Co. v. Kentucky*, 199 U. S. 194. *Southern Pacific Co.* v. *Kentucky*, 222 U. S. 63. Indeed the Legislature naturally would use the word "situated" as applicable only to property capable of a physical *situs*. The general result of the statute so construed is, that a domestic corporation pays a local property tax upon its real estate, machinery and other similar tangible property, other than merchandise, located within the State, and a corporate franchise tax based upon all its other property of a taxable character legally subject to the local property tax laws of the Commonwealth. As in the case of individuals, the domestic corporation is taxed upon the basis of all its intangible property wherever located. See *Farr Alpaca Co.* v. *Commonwealth*, 212 Mass. 156.

In construing the clause in said § 41 providing for deductions, the history of the present system of taxation of corporate franchises tends to sustain the contention of the Commonwealth. See *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385. This legislation begins with St. 1864, c. 208, under which an excise upon the franchise of domestic corporations was based upon the total value of its capital stock after deducting the value of its real estate and machinery situated in Massachusetts and locally taxed. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298. *Hamilton Co.* v. *Massachusetts*, 6 Wall. 632. In the following year, instead of a fixed tax of one and one sixth per cent upon the excess value so ascertained, the system of averaging the tax rates of all the cities and towns was adopted. The corporation was not entitled to deductions which were not specifically granted by the statute. For instance, the corporation was allowed no credit for real estate outside the Commonwealth, for shares of another corporation on which it paid taxes in Massachusetts, or even for bonds of the United States. *Commonwealth* v. *New England Slate & Tile Co.* 13 Allen, 391. *Commonwealth* v. *Hamilton Manuf. Co. ubi supra.* In 1865 it was provided that the value of its real estate and machinery, subject to local taxation, "wherever situated" should be deducted. St. 1865, c. 283, § 5. By St. 1902,

c. 342, underground conduits, wires and pipes were made locally taxable and their value was deducted from the corporate franchise tax. See Nichols Taxation in Massachusetts, 465. The committee on corporation laws, created by St. 1902, c. 335, in recommending relief for that class of corporations whose property is partly within and partly without the Commonwealth, proposed the additional deductions which were enacted in the business corporation law, St. 1903, c. 437, § 72, including the item under consideration: "the value as found by the tax. commissioner of its property situated in another State or country and subject to taxation therein." Their report indicates that by "property" they meant tangible property only. See their report, pages 53, 57. The Legislature clarified by a separate sentence the clause which was somewhat ambiguous as it appeared in that report, "From such value there shall not be deducted securities which, if owned by a natural person resident in this Commonwealth, would be liable to taxation." The Bellows Falls Power Company case definitely decided that the value of intangible property in another State was not to be considered in making the statutory deductions. Since that decision in September, 1915, no change has been enacted in the statute as so construed. If our interpretation results in intangible property which already has been taxed in another State being also considered for the purpose of fixing the excise tax on a domestic business corporation, such in our opinion was the intention of the Legislature; and applications for further exemptions must be addressed to that body. See *A. J. Tower Co.* v. *Commonwealth,* 223 Mass. 371. Report of Tax Commissioner, January, 1917. See also St. 1917, c. 268.

It should be added that, as it was agreed for the purposes of this case that both the bank deposits and accounts receivable were taxable and actually taxed in Illinois, the jurisdiction of that State to tax the items in question has not been considered.

*Petition dismissed.*