AMERICAN MANUFACTURING COMPANY *vs.* COMMONWEALTH.

Suffolk.   November 21, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* Excise on corporation.  *Corporation,* Taxation.  *Words,* "Subject to taxation."

In order to require a deduction, under § 41 of St. 1909, c. 490, Part III, from the fair cash value of all the shares constituting the outstanding capital stock of a Massachusetts corporation, of the value of merchandise situated in another State and "subject to taxation therein," before the determination of the true value of the corporate franchise for the purpose of assessment of a franchise tax here, it must appear that there must be levied upon the property situated in such other State a tax under its taxation laws.

The tax levied in the State of New York upon a Massachusetts corporation, doing business there in 1918, with respect to that part of its property there situated, although in name and form a franchise tax, was, according to the decisions of the courts of New York in substance, tendency and practical operation a tax upon the income of the corporation; and therefore such property was not "subject to taxation" in the State of New York within the meaning of those words as used in St. 1909, c. 490, Part III, § 41, and properly was not deducted under that section in determining the value of the corporate franchise for the purpose of taxation here.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 18, 1919, by a domestic corporation for an abatement of a corporate franchise tax assessed upon it in 1918.

It appeared that in that year the tax commissioner deducted from $14,850,000, which he determined to be the fair cash value of all the shares of stock of the petitioner outstanding, the sum of $11,329,466, which he set as "the total value on the first day of April in said year of the petitioner's real estate and machinery owned by it within the Commonwealth and subject to local taxation, its securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation, and its property situated in another State or country and subject to taxation therein." This left $3,520,534 which he found to be the true value of

the petitioner's corporate franchise for the purpose of taxation and upon which he assessed a tax of $67,136.58.

. The petitioner contended that the tax commissioner should also have deducted $2,562,176, which was the admitted value of a stock of merchandise kept by the petitioner on hand at its place of business in the State of New York and which the petitioner contended was, and the tax commissioner ruled was not, subject to taxation in New York within the meaning of § 41 of St. 1909, c. 490, Part III. If the deduction sought for had been made, the franchise tax upon the petitioner would have been computed under § 43 of the statute and would have been $14,850 instead of $67,136.58. The tax assessed being paid under protest, the petitioner sought an abatement and return of $52,286.58.

The facts were agreed upon and, so far as material, are described in the opinion. The petition was heard by *Jenney,* J., who filed a statement of further findings of fact and of his intention to reserve and report the case to the full court. After his death, the report was made by *Carroll,* J.

*C. H. Walker,* for the petitioner.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

Rugg, C.J. This is a petition under St. 1909, c. 490, Part III, § 70, by a Massachusetts corporation for the abatement of an excise tax assessed upon it for the year 1918. The petitioner was subject to a tax upon its corporate franchise under St. 1909, c. 490, Part III, §§ 39–43. It is provided by said § 41, Third, that there shall be deducted from the value of the corporate franchise, as there defined and ascertained, of a domestic corporation, "the value of its property situated in another State . . . and subject to taxation therein." The petitioner owned merchandise located in New York on April 1, 1918, the value of which the tax commissioner declined to deduct from the value of its corporate franchise as otherwise determined according to law. The precise question is whether that merchandise was in New York "subject to taxation" within the meaning of those words in said § 41, Third.

Prior to the enactment of St. 1903, c. 437, § 72, no deduc-

tion was allowed, in computing the value of the franchise of a domestic corporation as a basis for the excise tax, on account of the value of its personal property actually situated in another State or foreign country, whether there taxed or not. The last cited statute first introduced into our tax law the words of deduction found in said § 41, Third. That deduction was limited (1) to tangible property and (2) to property subject to taxation in that other State. There has been a progressive tendency in our statutes imposing excise taxes on domestic corporations to deduct from the value of the franchise for tax purposes the value of property otherwise taxed. See, for review of such statutes, *New England & Savannah Steamship Co.* v. *Commonwealth,* 195 Mass. 385. In most, if not all, of those provisions the operative words have authorized such deduction only when the other property is otherwise "subject to taxation." These words bear an implication that, since such other property actually bears its burden of taxation in some other form according to its fair value, that value ought to be deducted from the franchise value to the end that the corporation be not to that extent made liable to double taxation. Indeed, the history of the development of the corporation franchise tax law indicates that avoidance of double taxation was the legislative purpose impelling the successive deductions authorized. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298. *Firemen's Fire Ins. Co.* v. *Commonwealth,* 137 Mass. 80. *Farr Alpaca Co.* v. *Commonwealth,* 212 Mass. 156. This purpose has been to avoid an actual double taxation in fact and not a theoretical possibility of double taxation. Deduction of the value of shares of stock in a foreign corporation, which bears its full burden of taxation on all its property when located in some other State, never has been allowed. Money on deposit in a bank in another State and there actually taxed, is not allowed as a deduction. So also accounts, receivable from debtors resident in, and payable in, another State, are not allowed as a deduction. *Simplex Electric Heating Co.* v. *Commonwealth,* 227 Mass. 225.

The words "subject to," in describing title to property, followed by such words as "mortgage," "lien" or "other

incumbrance," mean that the property actually bears the financial burden thereby indicated. It was said with reference to this section of the statute in *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, 63: "The context in which these words occur in our tax law and its other general provisions demonstrate that these words refer to the kind of property which, if owned by an individual and situated and taxed in another State, would be exempt from taxation here." *Simplex Electric Heating Co.* v. *Commonwealth*, 227 Mass. 225, 229.

All these considerations lead to the conclusion that, in order to require the deduction under said § 41, Third, there must be actually levied upon the property situated in another State a tax under its taxation laws.

The further question arises whether this merchandise of the petitioner situated in New York was thus "subject to taxation" in that State. During 1918 there was in force in New York a franchise tax levied upon corporations such as the petitioner for the privilege of "exercising its franchises in this State in a corporate or organized capacity." Such a corporation was required to file a report stating the amount of its net income for the last preceding fiscal or calendar year. The allocation of net income to New York in the case of corporations doing business both in that State and elsewhere was made in the main upon a basis of the proportion, which certain assets, regarded as having a situs or origin in New York, bore to the corporation's total like assets wherever located. Corporations taxable under that law were given complete exemption from taxation, State and local, upon or in respect to their personal property situate in New York, so far as here material. *People* v. *Collins*, 178 N. Y. Supp. 65; affirmed, on opinion below, by the Appellate Division in 193 App. Div. (N. Y.) 925, and by the Court of Appeals in 232 N. Y. 502. Though in name and form a franchise tax, the corporation income tax law has been held to be in substance, tendency and practical operation a tax upon the income itself. *People* v. *Knapp*, 230 N. Y. 48; motion for reargument denied, 231 N. Y. 516; petition for writ of certiorari denied, *State Tax Commissioner* v. *New York*, 256

U. S. 702. Upon the findings of the single justice, the cases just cited are taken as the law of New York. Compare *People* v. *State Tax Commission,* 232 N. Y. 42; S. C., *Bass, Ratcliff & Gretton, Ltd.* v. *State Tax Commission,* 266 U. S. 271; *People* v. *Law,* 236 N.Y. 286.

Upon these facts, the merchandise of the petitioner was not "subject to taxation" in New York. Manifestly it is not taxed directly but is expressly exempted from taxation. The franchise tax upon the income of the corporation bears no direct relation to the value of the merchandise in New York. The value of that merchandise is a factor in calculating the net income, upon which the franchise tax is based. The franchise tax is not upon the income derived from the merchandise located in New York. That income is merely a part of the net income upon which the tax is assessed. It is quite possible under the law of New York that a franchise tax might be levied on a corporation which may have derived no income from its New York property or business. A tax upon income derived from property is in essence a tax upon the property. *Opinion of the Justices,* 220 Mass. 613, 624. But that principle has no relevancy to the facts of this record. The franchise tax upon the petitioner in New York for the privilege of there doing business is too remote from the income of its merchandise situated in New York to permit the conclusion that the merchandise is there "subject to taxation," as those words are used in said § 41, Third.

*Petitioner's exceptions overruled.*
*Petition dismissed with costs.*