CARLOS RUGGLES LUMBER COMPANY *vs.* COMMONWEALTH.

Suffolk. March 8, 1927.— November 30, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* Excise on corporation. *Corporation,* Taxation. *Statute,* Construction. *Constitutional Law,* Taxation, Equal protection of law, Interstate commerce. *Interstate Commerce. Words,* "Situated."

A Massachusetts corporation, engaged solely in buying lumber and lumber products in States other than Massachusetts and selling the same in other States and in Massachusetts, and having no lumber yard and no lumber or lumber products on hand in Massachusetts or elsewhere for sale, is not entitled, in the computation of the value of its corporate excess forming the basis of the excise tax to be assessed under G. L. c. 63, § 32, to have deducted as "merchandise" or "tangible property situated in another State or country," under § 30, cl. 3 (c), the value of lumber which, having been purchased in another State, was not physically in

Massachusetts but was in transit in interstate commerce to the purchasers, some in this Commonwealth and some elsewhere.

In a petition under G. L. c. 63, § 77, for the abatement of the whole or a part of an excise tax assessed upon a domestic corporation under § 32, the burden is on the petitioner to show that it is entitled to the deduction.

G. L. c. 63, § 30, cl. 3 (c), as above interpreted, does not violate the petitioner's rights under the Federal Constitution in that thereby property outside the jurisdiction of this Commonwealth is taxed; nor does it throw a discriminatory burden on interstate commerce.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 29, 1925, under G. L. c. 63, § 77, seeking that $1,839.88 of a tax of $5,598.99 assessed upon the petitioner in 1924 be adjudged to have been assessed illegally.

The petition was reserved by *Wait*, J., for determination by the full court upon the petition, the answer, and an agreed statement of facts. Material facts are stated in the opinion.

*P. Nichols*, for the petitioner.

*A. K. Reading*, Attorney General, for the Commonwealth, submitted a brief.

RUGG, C.J. This is a petition under G. L. c. 63, § 77, by a domestic corporation having its principal place of business at Springfield in this Commonwealth for the abatement of an excise tax assessed upon it for the year 1924. The case is reserved for our determination on the petition, answer, and an agreed statement of facts. The pertinent facts are that the petitioner during the year in question was engaged solely in buying lumber and lumber products in States other than Massachusetts and selling the same in other States including Massachusetts. It had no lumber yard, and no lumber or lumber products on hand in Massachusetts or elsewhere for sale. On April 1, 1924, the petitioner owned a large amount of lumber not physically in this Commonwealth, which had been shipped from the State of its origin to the State of its destination and was in transit in interstate or foreign commerce. About one fourth of it was destined for this Commonwealth but had not arrived, and the remainder to other localities. The commissioner of corporations and taxation refused to deduct the value of this lumber

from the value of the "corporate excess" of the petitioner in order to determine the excise tax to be assessed on the petitioner under G. L. c. 63, § 32. The decision of the issue between the parties depends upon the correct interpretation of that part of G. L. c. 63, § 30, which, so far as material, is in these words: "When used in this section and sections thirty-one to fifty-two, inclusive, the following terms shall have the following meanings: . . . 3. 'Corporate excess, in the case of a domestic business corporation, the fair cash value of all the shares constituting the capital stock of a corporation on the first day of April . . . less the value of the following: . . . (c) Its real estate, machinery, merchandise and other tangible property situated in another State or country . . . .'"

This method of computing the corporation excise tax first was established by St. 1919, c. 355, §§ 1, 2. Prior to that enactment the method of computing that excise tax was found in St. 1909, c. 490, Part III, § 41 Third, where the deduction was required to be of "the value of its property situated in another State . . . and subject to taxation therein." That statute was considered in *American Manuf. Co.* v. *Commonwealth,* 251 Mass. 329. It was there said in substance that, while in earlier statutes imposing an excise tax on the franchise of domestic corporations few deductions were allowed for property owned by it and situated outside the Commonwealth, the history of the development of the corporation franchise tax law indicated a progressive purpose to avoid double taxation by authorizing successive deduction of such property in ascertaining the value of the corporate franchise. This progressive purpose was recognized by the report to the General Court of the joint special committee on taxation (Senate Document No. 313 of 1919) appointed in 1918, which formed the basis of St. 1919, c. 355, now embodied in G. L. c. 63. It is pointed out in that report that methods of other States for taxation of foreign corporations were in process of change from direct property tax to an excise on the privilege of doing business measured in some other way, and that hence the deductions there allowed by our law were not quite adequate. Of course the clear mean-

ing of the present tax statute cannot be changed by examination of its legislative history, but it is permissible to look to that history for understanding the conditions under which it came into existence. *Old South Association* v. *Boston,* 212 Mass. 299, 304, 305. *Loring* v. *Young,* 239 Mass. 349, 368, and cases collected.

It is plain that the lumber here in question, although tangible property, was not so "situated in another State or country" as to have acquired a situs sufficient to become subject to taxation there. *Hughes Brothers Timber Co.* v. *Minnesota,* 272 U. S. 469. *Champlain Realty Co.* v. *Brattleboro,* 260 U. S. 366. These decisions of the United States Supreme Court rest on the principle that property in movement in interstate commerce is not situated in the particular jurisdiction where it may happen to be in a state of transportation. It is not at rest and hence not situated, but is in transitory movement. Whether the timber here in question was taxed or subject to taxation in another jurisdiction is not material under the words of the present governing statute as it was under St. 1903, c. 437, § 72, and St. 1909, c. 490, Part III, § 41 Third, under consideration in *American Manuf. Co.* v. *Commonwealth,* 251 Mass. 329. But it is material to know from these authoritative Federal adjudications that it was not even so situated in such other jurisdiction as to be by any possibility taxable there. It would be difficult to determine where the property here in question actually was situated.

Certain personal property is made subject to taxation where "situated." G. L. c. 59, § 18 Second. It has been held that this implies some degree of permanence of location and that temporary lodgment or migratory presence of such personal property is not enough to cause it to be "situated." *Ingram* v. *Cowles,* 150 Mass. 155, 157. See, also, *Lathe* v. *Schoff,* 60 N. H. 34.

The deduction provided by our statute is not of all tangible property not physically within this Commonwealth, nor yet of all such property physically without the Commonwealth, nor even of all such property situated without the Commonwealth. The deduction simply is of such "property situated

in another State or country." We think that the petitioner fails to show that the tangible personal property here in question is so situated. We understand that under the recent decisions of the United States Supreme Court tangible personal property is subject to direct taxation at the place of the owner's domicil unless it has acquired an enduring location somewhere. "The limitation upon the power of taxation does not apply even to tangible personal property without the State of the corporation's domicile if, like a seagoing vessel, the property has no permanent situs anywhere. *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63, 68." *Cream of Wheat Co.* v. *County of Grand Forks,* 253 U. S. 325, 329. It is a general principle of the law of taxation that personal property is taxable at the domicil of the owner unless it has acquired a permanent situs in some other taxing jurisdiction. *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51, 57.

We are not dealing in the case at bar with a direct property tax but with an excise upon the privilege of the petitioner to do business, of which the fair cash value of its stock less some deductions is the measure. This is not a tax upon property but an attempt "to measure a legitimate tax upon the privileges involved in the use of such property." *Flint* v. *Stone Tracy Co.* 220 U. S. 107, 163, 164. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298; affirmed *Hamilton Co.* v. *Massachusetts,* 6 Wall. 632. *Commonwealth* v. *New England Slate & Tile Co.* 13 Allen, 391. *Farr Alpaca Co.* v. *Commonwealth,* 212 Mass. 156. We perceive no reason to doubt the validity of the present tax.

The burden is on the petitioner to show that it is entitled to the deduction. *Milford* v. *County Commissioners,* 213 Mass. 162, 165. *Simplex Electric Heating Co.* v. *Commonwealth,* 227 Mass. 225, 229. *Wheelwright* v. *Tax Commissioner,* 235 Mass. 584, 586. It fails to maintain this burden.

The petitioner has argued that the statute thus interpreted violates its rights under the Federal Constitution in that thereby property outside the jurisdiction of this Commonwealth is taxed. For the reasons already stated and on the authority of decisions hereinbefore cited, we think there is no merit in this contention.

The petitioner also contends that the statute as thus interpreted throws a discriminatory burden on interstate commerce. This position also in our opinion is without support in reason. The statute imposes no burden on interstate commerce. It measures an excise tax on the value of certain property of the petitioner. Merely because personal property happens to be in transit in interstate commerce does not exempt it from being considered in any aspect as a measure of a valid excise upon its owner for the exercise of its corporate franchise in the use of such property. The underlying principles already stated show that there is no discrimination upon interstate commerce. The tax law comes within the rule that laws general in their operation, although incidentally and indirectly affecting interstate commerce, are not thereby rendered invalid. *Rosenbush* v. *Bernheimer*, 211 Mass. 146, 152–155. *Interstate Busses Corp.* v. *Holyoke Street Railway*, 273 U. S. 45.

*Petition dismissed with costs.*