THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM F. CHATLOS, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, November 12, 1930.

*Yankauer, Davidson & Mann* [*Austin B. Mandel* on brief], for the appellant.

*Arthur J. W. Hilly, Corporation Counsel* [*Milton I. Hauser, James Hurley,* and *J. Joseph Lilly* of counsel], for the respondent.

McINERNEY, J.  No permit is required outside of the fire limits for an automobile garage *where there is no charge for storage.*

In the case under consideration there is a charge made by the owner of the garage to the tenant for the use of the garage.  The owner, therefore, is receiving pay for the use of the garage and must secure a permit for same.

I vote for affirmance.

SALMON, J., concurs; FRESCHI, J., dissents.

FRESCHI, J. (dissenting).  I dissent and vote to reverse the conviction.  The decision in this case affects eleven other cases adjourned in the Magistrates' Court to await the judgment of this court.

The ordinance under consideration (Code of Ordinances of the City of New York, chap. 10, art. 11, § 150) has not, in my opinion, been violated.

The conviction here is based upon a stipulated statement of facts, which reads as follows:

"1. The defendant is charged with a violation of Section 150 of Chapter 10 of the Code of Ordinances of the City of New York, in that he has failed to apply for permits for garages erected in the rear of apartment houses owned by the defendant, located on Burns Street, in Forest Hills, and used by the tenants of the apartment houses for the storage of motor vehicles.

"2. Subdivision 1 of said section does not apply, it being conceded that the premises are outside the fire limits.

"3. It is conceded that the vehicles stored in the garages are not for sale.

"4. It is conceded that the vehicles stored in the garages are not for rent.

"5. It is conceded that the vehicles stored in the garages are not for hire.

"6. It is conceded that the vehicles stored in the garages are not used for business purposes.

"7. *The only question involved is whether the vehicles stored in the garages are subject to charges for such storage.*

"8. The garages are available only to tenants of the apartment houses and are not available to the general public.

"9. The method by which the tenant obtains the use of a garage is as follows:

"(a) If a tenant rents an apartment and desires garage space, he is given a lease of an apartment, including garage space at a sum certain rent charge;

"(b) If a tenant does not require garage space, he is given a lease of an apartment only, and he pays a sum certain therefor;

"(c) The sum paid for an apartment including garage space is greater than that paid for an apartment not including garage space."

The ordinance which applies to the case at bar provides:

"Sec. 150. Permit.

"1. Permit required. No person shall store, house or keep any motor vehicle other than one the fuel storage tank of which is empty, except in a building, shed or enclosure for which a garage permit shall have been issued.

"2. Exemptions. No permit, however, shall be required for the maintenance outside of the fire limits, of a garage in which motor vehicles, which are not for sale, rent or hire, or subject to charges for storage, or used exclusively for business purposes, are stored, housed or kept."

A violation of this section is punishable by a fine of not more

than $500, or by imprisonment not exceeding six months, or by both such fine and imprisonment. (Code of Ordinances of City of New York, chap. 10, art. 26, § 300, as amended by ordinance effective May 25, 1915.)

The gravamen of the offense here charged is the acceptance of money for the storage of a motor vehicle. The rental paid by the defendant is for an apartment including garage space and not necessarily for the storage of a motor vehicle. The agreement is lawful and the use of the premises for which such rental is paid depends not upon the landlord (defendant) here, but upon a third party — the tenant. It is not the act of renting the garage which is prohibited, even though the plain purpose be for the storage of an automobile; quite the contrary; it is the act of storing a motor vehicle, for which a charge is made, that the ordinance prohibits and makes criminal. I should hold that the landlord has not " stored " a vehicle within the meaning of the statute *supra*. The storage is merely coincidental to and a part of the main subject-matter. (See *Weingast* v. *Rialto Pastry Shop*, 243 N. Y. 113.) Therefore, I cannot agree with the contention of the learned corporation counsel, that " where the sum paid for an apartment including garage space is greater than that paid for an apartment not including garage space, the additional amount charged is a charge for storage of the automobile."

Furthermore, in my opinion, any automobile that the tenant might keep in the garage rented him by the landlord defendant is not " subject," in other words, liable, incumbered by, bearing the financial burden of, brought under the control or action of, or subservient to a storage charge under the existing relation of landlord and tenant between the parties (*Shepard & Morse Lumber Co.* v. *Hurd*, 128 App. Div. 28; *Thorp* v. *Munro*, 47 Hun, 246, 249; *Hannibal Trust Co.* v. *Elzea*, 286 S. W. 371, 377; *American Mfg. Co.* v. *Commonwealth*, 251 Mass. 329; 146 N. E. 801); and I am satisfied that the additional rental paid for the use of the garage space cannot be held to constitute " charges " for storage. Certainly, the landlord could not claim and enforce any lien by seizing and selling the car in the event that the tenant failed to pay the rent reserved or any part of it. In such a case he is limited to his summary remedies or an action to recover the amount due. If the relationship between the defendant and his tenant were that of bailor and bailee in any sense, then quite a different rule would apply; but it is plain that the second section of the statute here considered was unquestionably designed to apply to what are commonly known as public garages as distinguished from private garages such as those affected by this case.

542

The case at bar does not come within the purview of this statute,
I must agree with counsel for the appellant that it is " the status
of the vehicle stored which determines the necessity of the permit."
(See *Congregation Beth Israel* v. *O'Connell*, 187 ·Mass. 236, 238;·
*Pratt* v. *Denver*, 72 Colo. 51, 53.)

Judgment of conviction in all respects affirmed.