NEWTON BUILDING COMPANY *vs.* COMMISSIONER OF
CORPORATIONS AND TAXATION.

Suffolk.   November 16, 1933. — February 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Tax*, Excise on corporation.   *Words*, "Real estate," "Other tangible
property."

A leasehold estate of land and a building thereon in another State was
neither "real estate" nor "other tangible property" of a Massachu-
setts corporation within the meaning of G. L. (Ter. Ed.) c. 63, § 30,
cl. 3 (c); and the corporation was not entitled to deduct the value of
the leasehold estate in determining its corporate excess under said
cl. 3.

The character of the leasehold estate above described, with respect to
said cl. 3 (c), was not affected by the circumstance that the corpora-
tion was bound by the covenants of its lease to pay the taxes assessed
on the leased land.

APPEAL, filed in the Supreme Judicial Court for the county
of Suffolk on September 14, 1933, from a decision by the
Board of Tax Appeals denying petitions by the appellant
for abatement of excises upon its corporate excess.

Material facts are stated in the opinion.

*O. Storer,* (*J. P. Bell* & *S. Frankel* with him,) for the
taxpayer.

*C. F. Lovejoy,* Assistant Attorney General, for the com-
missioner of corporations and taxation.

LUMMUS, J.   By St. 1929, c. 359, § 2, and St. 1923,
c. 424, § 2 (G. L. [Ter. Ed.] c. 63, §§ 32, 32A), a domestic
business corporation was required to pay an excise tax
based upon the amount of its "corporate excess."   Those
statutes were in force during 1929 and 1930, the years for
which the taxes in question were assessed.   "Corporate ex-
cess" of a domestic corporation was, and still is, defined as
"the fair value of its capital stock on the last day of the
taxable year . . . less the value of the following on such
date," and there follow certain allowable deductions.   St.
1927, c. 258, § 1 (G. L. [Ter. Ed.] c. 63, § 30, cl. 3).   The

question is, whether the taxpayer was entitled to deduct, in determining its corporate excess, the value of a leasehold estate, including a building in which it had some rights but not the right of removal, standing on the leased land, situated in New York, and let to various tenants for light manufacturing purposes. The commissioner refused to allow the deduction, and consequently denied the applications (denominated "petitions") for abatement. The Board of Tax Appeals, on appeal under G. L. (Ter. Ed.) c. 63, §§ 51, 71 (St. 1933, c. 167, § 3), c. 58A, § 6 (St. 1933, c. 167, § 4), decided the applications in the same way. *Commissioner of Corporations & Taxation* v. *J. G. McCrory Co.* 280 Mass. 273, 277. The taxpayer appealed to this court, under St. 1933, c. 321, § 7; c. 350, § 8, amending G. L. (Ter. Ed.) c. 58A, § 13.

The deduction in question, with respect to property situated outside the Commonwealth, originated in St. 1903, c. 437, § 72, and appears in St. 1909, c. 490, Part III, § 41, in the following form: "In case of a domestic business corporation, the value of the works, structures, real estate, machinery, poles, underground conduits, wires and pipes owned by it within the commonwealth subject to local taxation, . . . also the value of its property situated in another state or country and subject to taxation therein." The purpose of the deduction was to prevent double taxation. *American Manuf. Co.* v. *Commonwealth*, 251 Mass. 329. For the history of the law, see *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385. Later, in 1919, it was represented to the Legislature that domestic business corporations were being deprived of the intended protection against double taxation, as to machinery and merchandise situated in New York and certain other States, by the adoption by those States of excise taxes instead of direct property taxes, with the result that the value of machinery and merchandise thus indirectly taxed could not be deducted in this Commonwealth as "property situated in another state or country and subject to taxation therein," under the statute of 1909. Report of the Joint Special Committee on Taxation, Sen-

ate Document No. 313 of 1919, pages 34, 35. *American Manuf. Co.* v. *Commonwealth*, 251 Mass. 329. *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 445, 447. To remedy that condition, by St. 1919, c. 355, § 1 (3), the requirement that property in other States, in order to make its value deductible, must be "subject to taxation therein," was expunged. By the same act, the provision for deduction of the value of "property" in other States was recast, in order to conform to the decision in *Simplex Electric Heating Co.* v. *Commonwealth*, 227 Mass. 225, that only tangible property was meant, to read as follows: "its real estate, machinery, merchandise and other tangible property situated in another state or country . . . ." The statutes already recited were carried over into G. L. c. 63, § 30, cl. 3, (a) and (c), and again into G. L. (Ter. Ed.) c. 63, § 30, cl. 3 (a) and (c), without any change that could be thought to affect the question at issue, with one exception to be noticed later.

The Legislature used substantially the same words — "real estate . . . owned by it" and "its real estate" — to describe deductible real estate within and without the Commonwealth. G. L. (Ter. Ed.) c. 63, § 30, cl. 3 (a), (c). These words, it is true, are capable of including a leasehold. *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129. But it is a tax statute that we are construing, and the idea of the deduction is that the real estate is likely to be taxed directly where it is situated, whether here or in some other State. The Legislature did not intend that the words "real estate" should have different meanings according to the location of the property in one State or another. The meaning naturally intended is that given by our tax laws with respect to property situated within the Commonwealth. Our tax laws do not contemplate the taxation of leaseholds; a real estate tax is a tax upon the land as a whole. *Donovan* v. *Haverhill*, 247 Mass. 69. We think that the leasehold in New York, held by the taxpayer, was not the subject of deduction as "its real estate," nor as "other tangible property." So far as the leasehold was tangible property, it was real estate, and not to be

considered by itself for purposes of taxation. Neither was the building on the leased property "real estate" or "other tangible property" of the taxpayer. It was not to be considered apart from the land, any more than it would have been if located here. Our tax laws do not contemplate the taxing of a building apart from the land upon which it stands. G. L. (Ter. Ed.) c. 59, § 3. *McGee* v. *Salem*, 149 Mass. 238. *Phinney* v. *Foster*, 189 Mass. 182, 187. *Massachusetts General Hospital* v. *Belmont*, 238 Mass. 396, 403.

The provision in G. L. (Ter. Ed.) c. 63, § 30, cl. 3 (a), added by St. 1925, c. 301, § 1, making the value of certain leaseholds deductible, applies only to property within the Commonwealth. So far as it has any bearing, it indicates that the words "real estate" did not include leaseholds before.

The character of the leasehold of the taxpayer, with respect to being "its real estate" or not, is not affected by the circumstance that the taxpayer was bound by the covenants of the lease to pay the taxes assessed on the leased land. Such a covenant had no effect upon the character or taxability of the property. *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, 480, 481.

The taxpayer urges that the statutes should be given a construction which will fully accomplish the general purpose of preventing double taxation. But we can only interpret the statutes as they are written.

*Petitions dismissed.*