COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* THE THAYER, BRADLEY COMPANY.

Suffolk. December 7, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Supreme Judicial Court,* Jurisdiction. *Board of Tax Appeals. Tax,* Excise on corporation, Abatement. *Words,* "Owned by."

A complaint of a corporation that the commissioner of corporations and taxation had refused to deduct from the value of its shares the value of certain property which he was required by G. L. c. 63, § 30, cl. 3, to deduct in determining the corporation's corporate excess under that statute was a complaint of a wrongful assessment, not of a mere over-valuation, and one for which relief could be sought by the corporation

by petition to the Supreme Judicial Court under G. L. c. 63, § 77; and the Board of Tax Appeals had jurisdiction of a proceeding commenced by the corporation by such a petition and subsequently transferred to the board under St. 1930, c. 416, § 33.

It was proper for a corporation to join in one petition to the Supreme Judicial Court under G. L. c. 63, § 77, claims, raising the same question of law, relating to the excises levied upon it in two separate years.

Real estate standing in the name of a straw, but in fact bought and paid for and owned by a corporation which held an unrecorded deed thereto from the straw and paid the local taxes assessed thereon, was "owned by" the corporation within the meaning of those words in G. L. c. 63, § 30, cl. 3 (a).

APPEAL, filed by the commissioner of corporations and taxation in the Supreme Judicial Court for the county of Suffolk on May 5, 1934, from a decision by the Board of Tax Appeals.

Material facts are stated in the opinion.

The case was submitted on briefs.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the commissioner of corporations and taxation.

*A. V. Harper*, for the taxpayer.

RUGG, C.J.   This is an appeal by the commissioner of corporations and taxation from a decision by the Board of Tax Appeals abating certain additional corporate excise taxes assessed to the corporation taxpayer for the years 1926 and 1927. The commissioner in determining the corporate excess for the purpose of assessing the excise refused to allow as a deduction from the fair value of the capital stock the value of certain real estate within the Commonwealth subject to local taxation standing in the name of straws to which the taxpayer asserted title. An additional assessment was made and the commissioner denied the taxpayer's application for an abatement, finding that the legal title to such real estate was not in the taxpayer and so was not "owned by it" within the meaning of those words in G. L. c. 63, § 30, cl. 3, as amended. That section provides in part as to the determination of the corporate excess for fixing the excise: "'Corporate excess', in the case of a domestic business corporation, the fair cash value of all the shares constituting the capital stock . . . less the value of . . .:

(a) . . . real estate . . . owned by it within the common-wealth subject to local taxation . . . ." The additional taxes were paid and petition for abatement of the additional assessments was seasonably filed in the Supreme Judicial Court under G. L. c. 63, § 77, as amended by St. 1922, c. 520, § 14, on the ground that the taxes were illegal. The case was transferred to the Board of Tax Appeals by assent of both parties under St. 1930, c. 416, § 33. The board found as a fact that the land was owned by the taxpayer, and that, although standing in the name of straws, the taxpayer in each instance held an unrecorded deed. Every parcel had been bought and paid for by the taxpayer and was subject to mortgage. The taxpayer collected the rents and paid the expenses including taxes and interest. In its returns the value of all this real estate was included in its assets and the amount of all the mortgages thereon in its liabilities. The commissioner in assessing the additional taxes recomputed the corporate excess, including all the real estate and all the mortgages in determining the fair cash value of all the shares constituting the capital stock, but disallowing as a deduction the value of the real estate which stood in the name of and was assessed to others. The Board of Tax Appeals held this to be error and granted abatements.

The contention of the commissioner that the board was without jurisdiction cannot be supported. The board had no greater powers than those conferred on the court under G. L. c. 63, § 77, as amended. When the complaint of the taxpayer was that there had been an overvaluation of that which is rightly subject to the excise, relief before the enact-ment of St. 1930, c. 416, was to be sought by appeal, G. L. c. 63, § 51, as amended by St. 1927, c. 225, § 3; G. L. c. 63, § 71, as amended by St. 1926, c. 287, § 6; and when the complaint was that there had been a wrongful assessment or excise upon that which was not a proper subject of taxa-tion, then relief was to be sought by petition to the Supreme Judicial Court under § 77, as amended, of the same chapter. *American Hide & Leather Co.* v. *Commonwealth*, 252 Mass. 345, 346. The question at issue in the case at bar is one not

of valuation but of statutory construction as to the proper deductions to be made. The complaint of the present taxpayer is that the commissioner refused to deduct the value of some property which he was required to deduct by statute in order to ascertain the corporate excess. That relates to wrongful assessment and not to overvaluation. There is no dispute as to the value of the capital stock of the taxpayer. The facts touching the record title and equitable ownership of the land are not in controversy. Its value is not in doubt. The only contention relates to the construction of the statute defining the deductions from the value of the stock in order to determine the corporate excess. If property which ought to have been deducted was not deducted then the assessment was in part upon something not subject to the excise. Jurisdiction to determine the allowance of other deductions under the same tax provision has been exercised by the court. The case at bar on this point is distinguishable from *Boston Manuf. Co.* v. *Commonwealth,* 144 Mass. 598, and falls within the authority of other decided cases. *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51. *Simplex Electric Heating Co.* v. *Commonwealth,* 227 Mass. 225. *American Manuf. Co.* v. *Commonwealth,* 251 Mass. 329. *Carlos Ruggles Lumber Co.* v. *Commonwealth,* 261 Mass. 445. *Newton Building Co.* v. *Commissioner of Corporations & Taxation,* 285 Mass. 471. It follows that the Board of Tax Appeals was acting within its jurisdiction in considering the question on its merits.

The contention is without merit that the board was bound to dismiss the petition because the taxpayer had made applications for abatement to the commissioner under G. L. c. 63, § 51, as amended, and c. 58, § 27, as amended. It is doubtful whether that question arises on this record. It is provided by G. L. (Ter. Ed.) c. 58A, § 13, under which the case comes before us, that the "court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." This point does not clearly appear on this record to have been raised before the board. Although there is possibly an indirect reference to

the subject by way of preliminary recital in the motion to dismiss, it is not set forth as a distinct ground. It can hardly be presumed that it was so raised when no reference to the subject is made in the opinion of the board. Hence it cannot be considered. Moreover it is provided by G. L. c. 63, § 77, as amended, that a petition in conformity to its terms "shall be the exclusive remedy."

There was no misjoinder of actions in combining in a single petition under G. L. c. 63, § 77, as amended, recovery of taxes assessed for two separate years. That section provides that "The proceedings upon such petition shall conform, as nearly as may be, to proceedings in equity." The circumstance that the section refers to "tax or excise" in the singular is not decisive, because by G. L. c. 4, § 6, Fourth, in construing statutes "Words importing the singular number may extend and be applied to several persons or things." The petition raised a single question of law arising as to the excise for each year. It was not open to objection on the ground of multifariousness. It was proper practice to join in a single proceeding two claims of the same nature on identical grounds between the same parties. *Robinson* v. *Guild,* 12 Met. 323, 328. *Gillis* v. *Bonelli-Adams Co.* 284 Mass. 176, 181, and cases cited. Proceedings for abatements of taxes for more than one year have been considered without objection or discussion. *Lever Brothers Co.* v. *Commonwealth,* 232 Mass. 22. *Judson Freight Forwarding Co.* v. *Commonwealth,* 242 Mass. 47.

On the facts found and already recited the taxpayer had the equitable title to the real estate in question by virtue of a resulting trust, having paid the entire purchase price. *Howe* v. *Howe,* 199 Mass. 598. *Davis* v. *Downer,* 210 Mass. 573. It also held the legal title through unrecorded deeds executed and delivered to it by the straws who appeared by the record to be owners. *Dole* v. *Thurlow,* 12 Met. 157, 162. *Belchertown* v. *Dudley,* 6 Allen, 477, 479. *Piantadori* v. *Nally,* 233 Mass. 158, 161. In any event the real estate was owned by the taxpayer within the meaning of those words in the governing statute.

It follows that abatements are granted in the sums found and allowed by the Board of Tax Appeals. The taxpayer is to recover the costs of this appeal.

*So ordered.*