ASSESSORS OF WESTON *vs.* TRUSTEES OF BOSTON COLLEGE & others.

Suffolk. February 6, 1936. — January 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Tax*, Exemption, Assessment. *Words*, "Owned . . . by."

Real estate, the record title to which was temporarily in a charitable corporation under an oral trust for the benefit of a second charitable corporation which alone occupied it for its corporate purposes, was "owned . . . by" the first corporation, and not by the second corporation, within G. L. (Ter. Ed.) c. 59, § 5, Third, and was not exempt from taxation but properly was taxed to the first corporation under § 11.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on December 9, 1935, from a decision by the Board of Tax Appeals.

*R. Wait,* (*R. Donaldson* with him,) for the assessors.

*J. F. Cusick,* (*J. S. Graham* with him,) for the taxpayers.

RUGG, C.J. This proceeding was brought to recover the amounts paid for the years 1928 and 1929 to the town of Weston, by The Society of Jesus of New England (hereafter called the Society), for taxes assessed upon land standing on the records in the name of and assessed to the Trustees of Boston College. The case comes before us by appeal from a decision by the board of tax appeals. The issue of law raised by the appeal is whether upon the relevant facts the land was exempt from taxation under G. L. (Ter. Ed.) c. 59, § 5, Third. Thereby there is exempted from taxation "Personal property of literary, benevolent, charitable and scientific institutions and of temperance societies incorporated in the commonwealth, the real estate owned and occupied by them or their officers for the purposes for which they are incorporated . . . ." It is also provided by § 11 of said c. 59 that "Taxes on real estate shall be assessed, in the town where it lies, to the person who is either the owner or in possession thereof on April first, and the person appearing of record, in the records of the county, or of the district, if such county is divided into districts, where the estate lies, as owner on April first . . . shall be held to be the true owner thereof . . . ." The board of tax appeals found that at the times in question the land was occupied by the Society for its corporate purposes. The question for decision is whether the land was "owned" by the Society within the meaning of the statute.

The findings of the board of tax appeals on that point, which must be accepted as true, are these: The Society was incorporated in 1921 under G. L. c. 180, for the purpose of carrying on religious and educational work and acquiring by purchase or otherwise, holding, keeping and maintaining land and buildings for colleges, chapels and schools for religious, classical and scientific training and education. It had purchased land in Weston in 1921, and had estab-

lished on it an institution for training its members for the Roman Catholic priesthood.   This was called the "House of Studies" and later was incorporated as Weston College, by St. 1929, c. 198, for the purpose of establishing and maintaining an institution for the education and religious training of men for the priesthood in the Roman Catholic Church. That statute was enacted on April 5, 1929, to take effect as of March 30, 1929.   In 1927 an opportunity arose to purchase adjoining land, being the land in question, for $75,000.   Money for this purpose was furnished by an anonymous benefactor.   The purchase price then was paid by the Society.   There was doubt whether this land would increase the property held by the Society to an amount larger than the limit of $2,000,000 then authorized by G. L. c. 180, § 9.   Therefore, the title was taken in the name of the Trustees of Boston College (incorporated by St. 1863, c. 123, as amended by St. 1908, c. 340, and empowered to conduct a college) to be so held until the incorporation of Weston College and then transferred to the latter corporation.   This arrangement was carried out, and in January, 1930, the Trustees of Boston College conveyed the land to Weston College by deed for which no consideration was given.   There was no intent to make a gift to the Trustees of Boston College although the deed taken by it was absolute on its face and expressed no trust.   There was no finding and no evidence to the effect that the total value of property held by the Society during 1928 and 1929, including this land, exceeded $2,000,000.   This property from the time of its purchase in 1927 was occupied by the Society for the purposes for which it was incorporated and was not occupied by the Trustees of Boston College.   It is plain that in the absence of a trust for the benefit of the Society, the Trustees of Boston College would not be entitled to exemption under the governing statute, because the land was not occupied for the charitable purposes for which that college was incorporated.   *Phillips Academy* v. *Andover*, 175 Mass. 118.   *Babcock* v. *Leopold Morse Home for Infirm Hebrews & Orphanage*, 225 Mass. 418.

It has been decided that personal property held under

an express trust for the benefit of a charitable corporation is exempt from taxation. *Watson* v. *Boston,* 209 Mass. 18. *Little* v. *Newburyport,* 210 Mass. 414. *Williston Seminary* v. *County Commissioners,* 147 Mass. 427. These decisions rest upon the phrase of said § 5 to the effect, in substance, that personal property of such corporations is exempt from taxation. They hold that the interest of the *cestui que trust* is "property" within the meaning of the clause exempting personal property of such corporations from taxation. They do not hold that the *cestui que trust* is owner of the fund itself for the purposes of exemption. The diversity between the statutory provisions touching the exemption of personal property and those touching the exemption of real estate renders inapplicable to the case at bar the rule of cases like *Watson* v. *Boston,* 209 Mass. 18. The statutory exemption granted to real estate is narrower in its terms than that relating to personal property. The governing section does not exempt real estate merely occupied by the charitable institution. The exemption is of "real estate owned and occupied" by the specified charitable organizations for the purposes for which they were incorporated. The exemption is limited to instances where the charitable corporation is the owner as well as the occupant of the real estate. Moreover by said § 11 the person appearing of record in the proper registry of deeds as the owner of real estate is deemed to be the true owner for purposes of taxation. These assessments were properly made to the Trustees of Boston College under said § 11 as owner of record. In other clauses of said § 5 a distinction is made between "owned by" and "held in trust for." In the case of military organizations the exemption is granted to "Real estate owned by or held in trust for" them. So, also, an exemption is given to ". . . Houses of religious worship owned by, or held in trust for the use of, any religious organization . . ." G. L. (Ter. Ed.) c. 59, § 5, Sixth and Eleventh; compare Fifth and Tenth. The same distinction occurs in G. L. (Ter. Ed.) c. 59, § 3A. As matter of statutory construction the words "owned . . . by" in the governing statute cannot rightly include

"held in trust for." By the provision of § 11 of said c. 59, tax officials are required to proceed in assessing taxes upon the two open and notorious facts of possession and record title. *Dunham* v. *Lowell*, 200 Mass. 468. *Miner* v. *Pingree*, 110 Mass. 47. At the time the deed was given to the Trustees of Boston College there was an express oral trust in favor of the projected corporation, Weston College. While this trust was unenforceable under the statute of frauds, it was not repudiated but was ultimately executed by the Trustees of Boston College. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251. The transactions between the parties did not constitute a resulting trust in favor of the Society. A resulting trust of that nature arises by operation of law when one person pays the entire purchase price and title is conveyed in the name of another. *Quinn* v. *Quinn*, 260 Mass. 494. *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 517, 518. *Cook* v. *Howe*, 280 Mass. 325. There was here an express oral trust for the benefit of the institution to be incorporated and which became Weston College. A valid trust may be established for a charitable corporation to be formed in the future. *Russell* v. *Allen*, 107 U. S. 163. The law will hardly presume an intention for a resulting trust when another intention is shown to have existed which has been carried out exactly in accordance with its terms. The exemption can be made out only upon the basis of the occupancy of the real estate and the record title. See *Grand Lodge of Maryland, Knights of Pythias* v. *Mayor & City Council of Baltimore*, 157 Md. 542, 550. The case at bar is distinguishable from *Vigeant* v. *Jeanne D'Arc Credit Union*, 271 Mass. 479, and *Commissioner of Corporations & Taxation* v. *Thayer, Bradley Co.* 291 Mass. 197, and is governed in principle by *St. James Educational Institute* v. *Salem*, 153 Mass. 185.

The result is that the land in question was not owned by the Society within the meaning of the controlling statute. There was error in granting the abatement. The petition for abatement is to be dismissed.

*So ordered.*